DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Summit Sound Security, Ltd., appeals the decision of the Cuyahoga Falls Municipal Court, which entered judgment in favor of appellee, Edward Sheeler. This Court affirms.
 I. {¶ 2} In February of 2003, appellant filed a small claims action for breach of contract against appellee. Appellee filed a counterclaim for breach of contract against appellant. The case proceeded to trial before a magistrate. On April 10, 2003, the magistrate issued his decision awarding judgment in favor of appellee in the amount of $473.05 plus interest and costs. Appellant timely filed an objection to the magistrate's decision, but did not support its objection with either a transcript or affidavit. A hearing was held on appellant's objection and the trial court issued an order adopting the magistrate's decision on June 3, 2003.
 {¶ 3} Appellant timely appealed the trial court's order, setting forth four assignments of error for review. The assignments of error have been combined to facilitate review.
 II. FIRST ASSIGNMENT OF ERROR
"The trial court erred as a matter of law and to the prejudice of the plaintiff by finding that plaintiff failed to comply with civil rule 53(E)(3)(B) because the basis for plaintiff's objection was based on an issue of law and not an issue of fact and therefore civil rule 53(E)(3)(B) did not apply and plaintiff was not required to file a transcript."
 SECOND ASSIGNMENT OF ERROR
"The trial court erred as a matter of law and to the prejudice of the plaintiff by failing to address the issue of defendant's unilateral breach of the contract as required by civil rule 53(E)(4)(B)."
 THIRD ASSIGNMENT OF ERROR
"The trial court erred to the prejudice of the plaintiff because its decision and judgment was against the manifest weight of the evidence."
 FOURTH ASSIGNMENT OF ERROR
"The trial court abused its discretion thereby committing error prejudicial to the plaintiff."
 {¶ 4} In its first assignment of error, appellant argues the trial court erred by finding appellant failed to file a transcript pursuant to Civ.R. 53(E)(3)(b) because appellant's objection was based on an issue of law and not an issue of fact. In its second assignment of error, appellant argues the trial court erred by failing to address the issue of appellee's unilateral breach of the contract pursuant to Civ.R. 53 (E)(4)(b). In its third assignment of error, appellant argues the trial court erred because its judgment was against the manifest weight of the evidence. In its fourth assignment of error, appellant argues the trial court abused its discretion and committed prejudicial error against appellant. This Court disagrees.
 {¶ 5} As a preliminary matter, this Court notes that, when appellant filed its objection, it failed to submit a transcript or affidavit stating the evidence at the trial to the trial court. When a party objects to a magistrate's decision, the party must supply the trial court with a transcript of the hearing or an affidavit as to the evidence presented at the magistrate's hearing. Civ.R. 53(E)(3)(b). "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Id. As appellant did not do this, the trial court was required to accept the magistrate's findings of fact and to review only the magistrate's conclusions of law. See State ex rel. Duncanv. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730. This Court is likewise limited to that review. Brown v. Brown (Apr. 4, 2001), 9th Dist. No. 20177.
 {¶ 6} In the instant case, although appellant argues the matters in dispute are questions of law and not questions of fact, this Court disagrees. The validity of appellant's arguments turn on the evidence presented before the magistrate. Therefore, as appellant did not properly object to the magistrate's findings of fact before the trial court, it cannot appeal the trial court's adoption of those findings of fact to this Court. Civ.R. 53(E)(3)(b).
 III. {¶ 7} Accordingly, appellant's four assignments of error are overruled. The judgment of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
Baird, P.J., Batchelder, J., concur.