DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant Russell Will, Jr., has appealed from the decision of the Medina County Court of Common Pleas that ordered him to pay spousal support and lease payments to Defendant-Appellee Janet Peticca Will, and sentenced him to ten days in jail for failure to purge his contempt. We affirm.
 I {¶ 2} Appellant and Appellee were married on October 29, 1999. There were no children born as issue of the marriage. Appellant sued Appellee for divorce on April 12, 2001, to which Appellee counter-claimed for the same on April 17, 2001. A temporary support award was entered by the trial court on May 4, 2001, which ordered Appellant to pay Appellee $1,400 per month in temporary spousal support as well as his "own expenses and marital debt as able."
 {¶ 3} A protracted procedural history spanning the course of twenty one months ensued. Significant to the instant appeal, an amended temporary support award was entered by the court on November 6, 2001, at which time Appellant was ordered to pay the lease payments on a 2000 Dakota truck he had leased for himself during the marriage. The lease payment was in addition to the previously ordered spousal support and premarital debts.
 {¶ 4} On November 21, 2001, Appellant was found in contempt by the trial court for failure to comply with the November 6, 2001 order. In its journal entry finding Appellant in contempt, the trial court provided Appellant the opportunity to purge his contempt and avoid the imposition of a ten day jail term by paying his spousal support and lease payment arrearages.
 {¶ 5} A hearing was held before a magistrate on February 22, 2002. The magistrate issued its decision on March 26, 2002, wherein it ordered Appellant to pay Appellee $750 per month in spousal support for thirty months and pay the lease payments on the 2000 Dakota truck for the life of the lease agreement. The magistrate also found that Appellant had not purged his arrearages pursuant to the November 21, 2001 contempt order, and sentenced him to ten days in the Medina County Jail as a result. The trial court adopted the magistrate's decision on April 26, 2002.
 {¶ 6} On May 31, 2002, the trial court granted Appellant leave to file objections to the magistrate's findings of fact and conclusions of law instanter because it was discovered that Appellant had never been served with a copy of the magistrate's decision. Appellant was also granted a stay of his ten day jail sentence pending resolution of his objections to the magistrate's decision. The trial court set a hearing on Appellant's objections for July 23, 2002. The July 23, 2002 hearing was continued until November 26, 2002. On November 22, 2002, Appellant filed a motion for a continuance of the hearing, wherein he requested additional time to perfect his objections to the magistrate's decision. In his motion, Appellant claimed that he had not been able to pay for a transcript of the February 22, 2002 proceedings before the magistrate until November 14, 2002. He further claimed that as a result of his late payment, the court reporter was unable to complete a transcript of the proceedings until "on or after December 13, 2002[,]" well past the November 26, 2002 hearing. On November 27, 2002, the trial court denied Appellant's motion for a continuance and overruled his objections to the magistrate's findings of fact and conclusions of law.
 {¶ 7} Appellant has timely appealed the trial court's decision, asserting two assignments of error. We have consolidated his assignments of error for ease of analysis.
 II Assignment of Error Number One
"The trial court erred when it ordered * * * appellant to pay spousal support at the rate of [$750] per month for a term of thirty * * * months."
 Assignment of Error Number Two
"The trial court erred when it determined that * * * appellant did not purge himself of contempt of court"
 {¶ 8} In his first assignment of error, Appellant has argued that the trial court did not make findings of fact as required pursuant to R.C. 3105.18 when it determined his spousal support obligation. Therefore, he has argued, the trial court abused its discretion when it ordered spousal support in the amount of $750 per month for thirty months. In his second assignment of error, Appellant has argued that, due to his lack of financial resources, he was unable to purge the arrearage of both his spousal support and his truck lease payments. He has further argued that the trial court's decision holding him in contempt for his failure to purge his arrearages was an abuse of discretion.
 {¶ 9} Our careful review of Appellant's assignments of error reveals that in each assignment of error, he has challenged the trial court's adoption of the magistrate's findings of fact. Civ.R. 53(E)(3)(b) governs objections to a magistrate's decision and states that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." The rule further states that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Civ.R. 53(E)(3)(b).
 {¶ 10} Appellant failed to comply with Civ.R. 53(E)(3)(b) because the record reveals that he did not submit a transcript of the magistrate's February 22, 2002 hearing to the trial court. Without a transcript of the hearing, the trial court was required to accept all of the magistrate's findings of fact as true and only review the magistrate's conclusions of law based upon the accepted findings of fact. Conley v. Conley, 9th Dist. No. 21759, 2004-Ohio-1591, at ¶ 7, citing Brown v. Brown (Apr. 4, 2001), 9th Dist. No. 20177. It follows that this Court must do the same. Galewood v. Terry Lumber Supply Co. (Mar. 6, 2002), 9th Dist. No. 20770, at 3, citing Melendez v. Mankis (Dec. 15, 1999), 9th Dist. No. 98CA007091.
 {¶ 11} In the instant matter, Appellant failed to submit a transcript of the February 22, 2002 hearing to the trial court, and therefore failed to properly object to the magistrate's findings of fact. Summit Sounds Sec., LTD v. Sheeler, 9th Dist. No. 21625, 2003-Ohio-7192, at ¶ 5. It follows that because he did not properly object to the magistrate's findings of fact to the trial court, any objection to the trial court's adoption of the magistrate's findings of fact is deemed waived. Id. As a result, Appellant is now barred from appealing the trial court's adoption of the magistrate's findings of fact. Id.; see, also, Civ.R. 53(E)(3)(b). Appellant's first and second assignments of error are without merit.
 III {¶ 12} Appellant's first and second assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
Slaby, J., concurs.
Baird, J., dissents.