DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Lonnie Wilms, appeals from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, that affirmed and adopted the magistrate's decision that granted visitation rights to Appellee, Diedre Herbert. We affirm.
 I. {¶ 2} Mr. Wilms and Ms. Herbert are the natural parents of twin girls, S.W. and B.W., born on August 4, 1995. Although the parties were not married, both lived in Elyria, Ohio, until June 2003. Mr. Wilms' paternity had been established by administrative order issued by the Lorain County Child Support Agency on June 7, 2001. A child support order was also issued thereafter, and the parties agreed to a companionship schedule with the twins. However, in June 2003, Mr. Wilms learned from Ms. Herbert that she intended to move from Elyria, Ohio, to the State of West Virginia with the twins, due to her husband's job transfer.
 {¶ 3} On June 12, 2003, Mr. Wilms filed a complaint for visitation in the juvenile division of the common pleas court, asserting that the parties have failed to arrive at an agreeable companionship schedule. On October 6, 2003, Ms. Herbert filed a motion to suspend visitation predicated on the fact that one of the twins had alleged sex abuse by Nick Fleming, one of Mr. Wilms' stepsons who lived with him, and that the matter was currently under investigation by the Wayne County, West Virginia, Department of Child Protective Services.
 {¶ 4} On February 18, 2004, the magistrate issued a decision denying Ms. Herbert's motion to suspend parenting time, and granting Mr. Wilms the same. The magistrate provided a specific parenting schedule to be exercised at the home of either the paternal aunt or paternal grandmother, and to not occur in the presence of Nick. The trial court adopted the magistrate's decision as an interim order and entered judgment.
 {¶ 5} Mr. Wilms filed objections to the magistrate's decision, but did not file a copy of the transcript of the hearing with his objections. In his objections, Mr. Wilms noted, that, apparently, the tape recording of the hearing was blank, and therefore, a transcript could not be created. In his memorandum in support of his objections, Mr. Wilms objected to the fact that a transcript did not exist. Additionally, Mr. Wilms contested the magistrate's interpretation of the factual findings, as well as the magistrate's finding regarding evidence of S.W.'s psychological therapy and diagnoses. Mr. Wilms' supported his objections with an affidavit of his counsel, which does not set forth any facts regarding the hearing, but simply attested to the truth of any factual assertions made in the memorandum in support of objections. In her memorandum in opposition to the objections, Ms. Herbert argued that the objections were not properly supported as required by the provisions of Juv.R. 40.
 {¶ 6} In a judgment entry dated June 14, 2004, the trial court affirmed and adopted the decision of the magistrate and granted parenting time to Mr. Wilms with S.W. and B.W., as detailed by the magistrate. However, the court found that Mr. Wilms' had failed to provide the court with an affidavit that complied with the requirements of Juv.R. 40(E)(3)(c). Specifically, the court noted that Mr. Wilms' affidavit itself did not set forth all of the relevant evidence presented at the hearing, but merely refers to the factual allegations set forth in his memorandum in support of the objections, which itself only reflects the factual assertions that Mr. Wilms found to be relevant to the case. In the absence of a transcript or proper affidavit, the court adopted the magistrate's factual findings, and furthermore, concluded that the magistrate's decision contained no errors of law on its face.
 {¶ 7} Mr. Wilms timely appealed, asserting three assignments of error for review.
 II. A. First Assignment of Error
"The trial court erred in stating that the appellant failed to describe all of the relevant evidence presented at the hearing."
 {¶ 8} In his first assignment of error, Mr. Wilms challenges the trial court's finding that his purported affidavit did not comply with the requirements of Juv.R. 40, and asserts that he is entitled to a new hearing because of this fact. We disagree.
 {¶ 9} A party is not entitled to a new hearing simply because a transcript is unavailable; Juv.R. 40(E)(3)(c) provides the procedure that is to be taken in this situation. Juv.R. 40(E)(3)(c), like Civ.R. 53(E)(3)(c), provides that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript isnot available." (Emphasis added.). A party may support his objections with an affidavit in lieu of a transcript only if he demonstrates that a transcript is not available, and the affidavit describes all the relevant evidence presented at the hearing and not just the evidence that the party feels is significant. Weitzel v. Way, 9th Dist. No. 21539, 2003-Ohio-6822, at ¶ 17.
 {¶ 10} If a party fails to submit the required transcript or affidavit, a trial court is required to accept all of the magistrate's findings of fact as true and only review the magistrate's legal conclusions in light of the facts found by the magistrate. Conley v.Conley, 9th Dist. No. 21759, 2004-Ohio-1591, at ¶ 7, citing Brown v.Brown (Apr. 4, 2001), 9th Dist. No. 20177, at 5. An appellate court is limited to the same review. Melendez v. Mankis (Dec. 15, 1999), 9th Dist. No. 98CA007091, at 7.
 {¶ 11} In this case, Mr. Wilms filed timely objections to the magistrate's decision, but the objections were not accompanied by a transcript of the magistrate hearing. Mr. Wilms did note in his objections that a transcript could not be created because a tape recording of the hearing did not exist. However, in order to properly object to the magistrate's factual findings, Mr. Wilms was required to file an affidavit reflecting all of the relevant evidence produced at the hearing. See Weitzel at ¶ 17. Mr. Wilm's counsel's affidavit failed to set forth any evidence at all, and referred to the memorandum, which merely recounted several factual assertions from Mr. Wilms' perspective. Therefore, we find that the trial court did not abuse its discretion in finding that Mr. Wilms had not submitted an affidavit that complied with Juv.R. 40(E)(3)(c).
 {¶ 12} Mr. Wilms' first assignment of error is overruled.
 B. Second Assignment of Error
"The trial court erred in failing to remand for a new hearing, when the court failed to comply with the recording requirements of juvenile Rule 37(a)."
 {¶ 13} In his second assignment of error, Mr. Wilms contends that because the court failed to comply with the recording requirements of Juv.R. 37(A), the court should have returned the matter to the magistrate for a new hearing. We disagree.
 {¶ 14} In this assignment of error, Mr. Wilms attempts to use to his advantage the holding in In re B.E., 102 Ohio St.3d 388, 2004-Ohio-3361. In that case, the Supreme Court held that where a juvenile court has failed to comply with the recording requirements of Juv.R. 37(A), a person appealing to the court of appeals is entitled to a remand if he has attempted to but is unable to submit an App.R. 9(C) statement. Id. at ¶ 16. Mr. Wilms states on appeal that he "attempted to recollect the missing testimony in an effort to comply with App.R. 9(C), but could not sufficiently reconstruct the record."
 {¶ 15} However, this case is not governed in any way by the provisions of App.R 9(C), but rather, by the provisions of Juv.R. 40(E)(3)(c) requiring objections to a magistrate's finding of fact to be supported by an affidavit of the evidence if a transcript is not available. Mr. Wilms attempted to comply with this requirement, but the trial court found his efforts insufficient, and we have affirmed that finding in our discussion of the first assignment of error. Raising App.R. 9(C) on appeal does nothing to breathe life back into the argument; even if he had prepared an App.R. 9(C) statement, we could not have considered it, because it had never been before the trial court. A magistrate's finding of fact cannot be contested in any court unless the party has objected and supported his objection with a transcript or affidavit, pursuant to Juv.R. 40(E)(3)(c).
 {¶ 16} Neither App.R. 9(C) nor the holding in In re B.E. has anything to do with this case. Mr. Wilms' second assignment of error is overruled.
 C. Third Assignment of Error
"The trial court erred in preventing appellant from exercising parenting time in his own home, and never in the presence of nick fleming, and in otherwise restricting appellant[']s parenting time based solely on hearsay evidence[,] in contravention of O.R.C. § 3109.051(D)[.]"
 {¶ 17} In his third assignment of error, Mr. Wilms contends that the trial court erred in preventing him from exercising parenting time in his own home in the presence of Nick. Mr. Wilms specifically asserts that in its decision, the magistrate's factual findings reflect that it failed to consider the required statutory factors in making its decision and based its decision on inadmissible hearsay statements, and generally asserts that the decision is not supported by the facts and the record.
 {¶ 18} In all of these specific assertions, Mr. Wilms essentially challenges the magistrate's findings of fact. We have already concluded in this case that Mr. Wilms failed to properly object to the magistrate's findings of fact. Thus, any objection to the trial court's adoption of the magistrate's factual findings is waived. See Will v. Will, 9th Dist. No. 02CA0115-M, 2004-Ohio-2241, at ¶ 11, citing Summit Sounds Sec.,LTD v. Sheeler, 9th Dist. No. 21625, 2003-Ohio-7192, at ¶ 5. Therefore, Mr. Wilms is now barred from appealing the trial court's adoption of the magistrate's findings of fact. Id. See, also, Juv.R. 40(E)(3)(d).
 {¶ 19} As to Mr. Wilms' contention that the magistrate failed to consider the statutory factors set forth in R.C. 3109.051 in making its decision, we observe that Mr. Wilms failed to raise this specific challenge in his objections to the trial court. Juv.R. 40(E)(3)(c) expressly states that objections must be specific and must set forth, with particularity, the grounds for the objections. Juv.R. 40(E)(3)(d) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Because Mr. Wilms failed to preserve this challenge to the magistrate's decision in his objections, he is precluded from raising it on appeal, and, therefore, this Court cannot address it on the merits. See In reJefferson (Oct. 25, 2000), 9th Dist. Nos. 20092 and 20110, at 5; Cottlev. Cottle (Dec. 11, 1998), 11th Dist. No. 97-P-0091, at 8-9.
 {¶ 20} Mr. Wilms' third assignment of error is overruled.
 III. {¶ 21} Mr. Wilms' assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J. Laby, J. concur
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)