DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Aaron Hightower has appealed the decision of the Summit County Court of Common Pleas, Domestic Relations Division, that ordered payment of his child support arrearage out of proceeds obtained from his Individual Retirement Account. This Court affirms.
 I {¶ 2} On September 23, 2002, the Summit County Child Support Enforcement Agency ("CSEA") held an administrative hearing wherein Appellant challenged CSEA's determination that Appellant was $29,461.88 in arrears on his child support obligation as of September 3, 2003. Appellant disputed the amount of his arrearage, but presented no evidence that the amount of the arrearage was incorrect or should be altered in any way. Therefore, the CSEA hearing officer found that the $29,461.88 figure was unrefuted.
 {¶ 3} On October 2, 2003, Appellant requested that a magistrate review CSEA's determination. On November 13, 2003, a hearing was held before the magistrate. On November 14, 2003, the magistrate announced a decision finding that Appellant was $29,519.02 in arrears; that CSEA had $23,301.12 in escrow that it had obtained from Appellant's Individual Retirement Account ("IRA"); and that CSEA should immediately release the $23,301.12 in escrow to Plaintiff-Appellee Deborah Jenkins, Appellant's former wife. The trial court adopted the magistrate's decision on November 20, 2003, and Appellant objected to the magistrate's decision on December 3, 2003.
 {¶ 4} On July 9, 2004, the trial court overruled Appellant's objections. On July 28, 2004 Appellant filed a Civ.R. 60(B) motion for relief from judgment, which the trial court never ruled upon. On that same date, Appellant filed a motion requesting a stay of the trial court order directing CSEA to disburse the $23,301.12 to Appellee. The trial court denied the motion for a stay on August 9, 2004.
 {¶ 5} Appellant has timely appealed the trial court's July 9, 2004 decision overruling his objections to the magistrate's decision and ordering that CSEA disburse the $23,301.12 to Appellee, asserting one assignment of error.
 II Assignment of Error Number One
"The trial court improperly dismissed appellant's objections on grounds which are contrary to the interests of justice."
 {¶ 6} In his sole assignment of error, Appellant has argued that the trial court erred when it overruled his objections to the magistrate's decision simply because he failed to support his objections with a transcript of the hearing before the magistrate. Specifically, he has argued that his failure to support his objections with a transcript was excusable neglect. We disagree.
 {¶ 7} As an initial matter, this Court notes that Appellee did not file an appellate brief in the instant matter. As a result, this Court may accept Appellant's statements of the facts and issues as presented in his brief as correct and reverse the judgment of the trial court if Appellant's brief reasonably appears to sustain such action. App.R. 18(C). See, also, Bank of New York v. Smith, 9th Dist. No 21534, 2003-Ohio-4633, at ¶ 2.
 {¶ 8} A trial court's decision whether or not to adopt the decision of a magistrate is reviewed by this Court under the abuse of discretion standard of review. Mealey v. Mealey (May 8, 1996), 9th Dist. No. 95CA0093, at 5. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." Id. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.,66 Ohio St.3d 619, 621, 1993-Ohio-122.
 {¶ 9} Civ.R. 53(E)(3)(c) governs objections to a magistrate's decision and states that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Furthermore, if a party fails to properly support his objections to the magistrate's decision with a transcript of the hearing before the magistrate, the trial court must accept all of the magistrate's findings of fact as true and review only the magistrate's legal conclusions in light of the facts found by the magistrate. Wilmsv. Herbert, 9th Dist. No. 04CA008525, 2005-Ohio-2, at ¶ 10, citingConley v. Conley, 9th Dist. No. 21759, 2004-Ohio-1591, at ¶ 7. It follows that this Court is limited to the same review. Wilms, supra, at ¶ 10.
 {¶ 10} Furthmore, Loc.R. 12.03(D) states that:
"A deposit of costs to secure the transcript must be paid to the assigned court reporter within seven (7) days of the filing of the objection and praecipe to the court reporter. IF THE DEPOSIT FOR THE COSTS OF A TRANSCRIPT IS NOT MADE WITHIN SEVEN (7) DAYS OF THE FILING OF THE OBJECTION AND THE PRAECIPE TO COURT REPORTER, THE OBJECTION MAY BE DENIED." (Emphasis original.)
 {¶ 11} In his brief to this Court, Appellant admitted that "the fee for the transcript was not paid," and called his failure to pay the fee "inexplicable." Appellant has argued, however, that it was unjust for the trial court to overrule his objections to the magistrate's decision merely because Appellant failed to pay for the transcript because his failure to pay was excusable neglect.
 {¶ 12} The entirety of Appellant's objections to the magistrate's decision were that "[Appellant], upon the undersigned counsel, does hereby object to the [m]agistrate's [d]ecision dated November 20, 2003 for the reasons that the determination of arrearages and CSEA's records may be inaccurate." Appellant then stated that a transcript had been requested. Appellant did not present any evidence or arguments in support of his contentions that the determination of arrearages and CSEA's records might be inaccurate. Furthermore, our review of the record reveals that Appellant did not support his objections to the magistrate's decision with a transcript of the November 13, 2003 hearing before the magistrate.
 {¶ 13} It is clear to this Court that Appellant's objections to the magistrate's decision challenged the factual determination made by CSEA that Appellant was $29,461.88 in arrears on his child support obligation. Yet it is also clear that Appellant not only failed to support his objections with a transcript, but he also failed to present any evidence in support of his objections, or so much as make any arguments in support of his objections. See Civ.R. 53(E)(3)(c); see, also, Loc.R. 12.03(D). As a result of these deficiencies, the trial court was left with no alternative but to adopt the magistrate's decision and overrule Appellant's objections.
 {¶ 14} Based on the foregoing, this Court concludes that the trial court did not abuse its discretion when it overruled Appellant's objections to the magistrate's decision. Appellant's sole assignment of error lacks merit.
 III {¶ 15} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Moore, J., concur.