DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Donald E. Harrison has appealed the decision of the Summit County Court of Common Pleas, Probate Division, that overruled his objections to a magistrate's decision and ordered the sale of certain real property. This Court affirms.
 I {¶ 2} On August 1, 2003, Plaintiff-Appellee Corene Miller, Administratrix of the Estate of James Harrison ("decedent") filed a complaint against sixteen named defendants requesting the trial court permit her to sell certain real property owned by the decedent's estate. Fifteen of the named defendants were lineal heirs of the decedent; Appellant is a son of the decedent and one of the fifteen lineal heirs named as a defendant. The sixteenth named defendant was the Summit County Fiscal Officer. According to the complaint, the estate was subject to $5,000 in valid debts at the time of the lawsuit.
 {¶ 3} On August 27, 2003, several of the named defendants filed objections to Appellee's complaint. On November 12, 2003, a hearing on the objections was held before a magistrate. On November 17, 2003, the magistrate overruled the objections and ordered the sale of the property. On December 1, 2003, Appellant, proceeding pro se, filed objections to the magistrate's decision, arguing, inter alia, that Appellee had failed to include all of the necessary parties in her original complaint requesting the sale of the property, and that not all of the necessary parties had been notified of the pending sale.
 {¶ 4} A hearing on the objections was held on February 3, 2004, at which time Appellant presented to the trial court an "Affidavit for Mechanic's Lien." The affidavit stated that Appellant, on behalf of a company called "Hodo Installation" had a mechanic's lien against the property. On February 19, 2004 the trial court overruled Appellant's objections as to the necessity of the sale of the property. However, the trial court found that none of the lien holders on the property were named as defendants by Appellee. Based upon this finding, the trial court remanded the matter back to the magistrate so that all of the necessary parties could be named in the complaint and the liens on the property could be marshalled.
 {¶ 5} On March 5, 2004, Appellee filed an amended complaint, adding four additional named defendants, all of whom claimed to have valid liens against the property. Two of the four additional named defendants answered the complaint, stating that they did have liens against the property. The Internal Revenue Service and Hodo Industries, the two remaining additional named defendants, failed to answer the amended complaint.
 {¶ 6} On July 8, 2004 a hearing was held before the magistrate regarding the liens against the property. Relevant to the instant appeal, Appellant was present at the hearing and argued that his purported mechanic's lien was valid against the property for a total of $35,769 on behalf of "Hodo Installation." On July 13, 2004, the magistrate announced its decision, finding that Appellant did not have a valid mechanic's lien against the property. Appellant filed objections to the magistrate's decision on July 26, 2004, and a hearing on his objections was held on September 7, 2004. On October 15, 2004, the trial court overruled Appellant's objection to the magistrate's decision, and concurred with the magistrate that Appellant did not have a valid mechanic's lien against the property.
 {¶ 7} Appellant has timely appealed the trial court's October 15, 2004 decision, asserting one assignment of error.
 II ASSIGNMENT OF ERROR NUMBER ONE
"THE TRIAL COURT ERRED BY DENIAL OF APPELLANT'S OF RIGHT TO SUBMIT RECEIPTS TO THE LOWER COURTS AS EVIDENCE OF IMPROVEMENTS TO THE PROPERTY. DUE PROCESS WAS NOT ALLOWED AT THE LOWER COURT THE LOWER COURT SIMPLY REFUSED MY RIGHT AS A LINEAL HEIR, PART OWNER, TO HAVE UNDERTAKEN MY IMPROVEMENT TO THE PROPERTY AS A LINEAL HEIR AND SUBMITTING RECEIPT AS PAID IN FULL. R.C. 1311.10 (C). U.S. CONST. ART 14." (SIC)
 {¶ 8} In his sole assignment of error, Appellant has argued that the trial court erred when it found his purported mechanic's lien to be invalid. Specifically, Appellant has argued that the trial court refused to accept receipts allegedly showing that he paid for capital improvements on the property, and that such payments mandated that the trial court refuse to allow Appellee to sell the property. We disagree.
 {¶ 9} A trial court's decision whether or not to adopt the decision of a magistrate is reviewed by this Court under the abuse of discretion standard of review. Mealey v. Mealey (May 8, 1996), 9th Dist. No. 95CA0093, at 5. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." Id. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 10} Civ.R. 53(E)(3)(c) governs objections to a magistrate's decision and states that:
"[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
 {¶ 11} Furthermore, if a party fails to properly support his objections to the magistrate's decision with a transcript of the hearing before the magistrate, the trial court must accept all of the magistrate's findings of fact as true and review only the magistrate's legal conclusions in light of the facts found by the magistrate. Wilmsv. Herbert, 9th Dist. No. 04CA008525, 2005-Ohio-2, at ¶ 10, citingConley v. Conley, 9th Dist. No. 21759, 2004-Ohio-1591, at ¶ 7. It follows that this Court is limited to the same review. Wilms, supra, at ¶ 10.
 {¶ 12} In the instant matter, the record reveals that prior to making its decision that Appellant did not have a valid mechanic's lien against the property, a hearing was held before the magistrate on July 8, 2004. However, the record also reveals that when Appellant filed his objections to the magistrate's decision with the trial court, he did not support his objections with a transcript of the July 8, 2004 hearing. Therefore, the trial court, and subsequently this Court, must accept the magistrate's findings of fact as true and review only the magistrate's legal conclusions. Wilms, supra.
 {¶ 13} Appellant first has argued that the trial court erred when it concluded that he did not hold a valid mechanic's lien against the property. In response, Appellee has argued that the trial court properly found that Appellant did not have a valid mechanic's lien against the property.
 {¶ 14} In its October 15, 2004 decision concluding that Appellant did not have a valid mechanic's lien against the property, the trial court relied upon the factual determination by the magistrate that Appellant "failed and in fact, refused to present any testimony, exhibits or other evidence to support his lien." The trial court also relied upon the magistrate's factual determination that Appellant "presented no evidence of compliance with any of the statutory requirements necessary to obtain a valid [mechanic's] lien[.]" See R.C. Chapter 1311.02, et seq. (setting forth the statutory requirements of a valid mechanic's lien.)
 {¶ 15} Based upon the magistrate's findings of fact that Appellant did not comply with the statutory requirements of a valid mechanic's lien, Appellant's claim that he had a valid mechanic's lien against the property must fail as a matter of law. We realize that as a pro se litigant, Appellant may not have been aware of certain statutory and procedural requirements, and he made a good presentation to this Court notwithstanding his inexperience in legal matters. However, we are left with no alternative but to affirm the decision of the trial court.
 {¶ 16} In sum, this Court concludes that the trial court did not abuse its discretion when it adopted the magistrate's decision concluding that Appellant did not have a valid mechanic's lien against the property. Appellant's sole assignment of error lacks merit.
 III {¶ 17} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J. Concurs
Carr, J. Dissents, Saying:
 {¶ 18} I respectfully dissent. It is uncontested that appellant made the improvements. The only argument is he did not comply with the statutory requirements of a valid mechanic's lien. Equity sometimes takes precedence.