DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant Melvin Cook orally agreed to replace the roof on plaintiff Richard Burkett's house for $3600. Mr. Burkett paid $1800 down, and Mr. Cook's employees began work. After approximately six weeks, when the roof was substantially complete, Mr. Burkett barred Mr. Cook from the job, and sued him for breach of contract. Mr. Cook filed a counterclaim. In the meantime, one of Mr. Cook's employees placed a mechanic's lien on Mr. Burkett's house for $1494. Mr. Burkett amended his complaint to add Mr. Cook's employee as an additional defendant and to seek additional damages from Mr. Cook equal to the amount of the mechanic's lien. The matter was tried before a magistrate. In his *Page 2 
decision, the magistrate determined that Mr. Burkett was not entitled to any relief against Mr. Cook's employee, but was entitled to recover $300 nominal damages from Mr. Cook based on Mr. Cook's failure to complete the contract and $1494 from Mr. Cook as a result of the mechanic's lien. The magistrate dismissed Mr. Cook's counterclaim.
 {¶ 2} Mr. Cook objected to the magistrate's decision, but failed to provide a transcript of the hearing before the magistrate. Further, the trial court determined that he had failed to state the grounds for his objection with particularity as required by Rule 53(D)(3)(b)(ii) of the Ohio Rules of Civil Procedure. Accordingly, it restricted its review of the magistrate's decision to determining, under Rule 53(D)(4)(c) of the Ohio Rules of Civil Procedure, whether there was an error of law or other defect on the face of the magistrate's decision. The trial court determined that there was no error of law or other defect on its face and entered judgment in favor of Mr. Burkett against Mr. Cook for $1794. This Court reverses the trial court's judgment in favor of Mr. Burkett against Mr. Cook because the trial court failed to correct an error of law on the face of the magistrate's decision. Specifically, it is evident from the face of the magistrate's decision that Mr. Burkett was not entitled to recover any damages from Mr. Cook based upon Mr. Cook's failure to finish the work on the roof or based upon Mr. Cook's employee having filed a mechanic's lien against Mr. Burkett's property. *Page 3 
 I. {¶ 3} The magistrate made extensive findings of fact. He found that Mr. Burkett and Mr. Cook had entered into an oral contract for Mr. Cook to replace the roof on Mr. Burkett's house for $3600. He found that Mr. Burkett had paid Mr. Cook $1800 and that he was to pay the remaining $1800 when the work was completed.
 {¶ 4} The magistrate recited that, although Mr. Burkett testified that Mr. Cook had told him the job would only take a week, Mr. Cook denied ever having said that. The magistrate concluded that no time had been specified for completion of the work and that, therefore, it should have been completed within a reasonable time, which he determined would have been two to three weeks. Mr. Cook's employees remained on the job for six weeks, at which time Mr. Burkett barred them from further work on the roof. The magistrate found that some of the delay was caused by Mr. Burkett's failure to timely undertake certain carpentry repairs for which he was to be responsible, but that 80% of the delay was caused by Mr. Cook's failure to hire dependable and reliable employees and to properly supervise those employees. He concluded, however, that Mr. Burkett had failed to prove any monetary damage as a result of delay caused by Mr. Cook.
 {¶ 5} Mr. Burkett complained that the interior of his house suffered water damage during the roofing project because Mr. Cook's employees failed to correctly place tarps on the roof to protect the house from rainwater. The *Page 4 
magistrate found that Mr. Cook's employees had allowed water to damage the interior of the house. He further found, however, that a significant amount of the water damage to the house had been caused by a preexisting leak and that Mr. Burkett had failed to prove what amount of the water damage was caused by Mr. Cook's employees.
 {¶ 6} The magistrate found that, when Mr. Burkett barred Mr. Cook's employees from the job, "the substantial part of the roofing project had been completed with some work yet to be undertaken, such as finishing on flashing, drip edge, and other related work." Although Mr. Burkett claimed that it would cost $5500 to fix Mr. Cook's work, the magistrate found that that estimate was "totally without any evidentiary support."
 {¶ 7} Finally, the magistrate determined that Mr. Burkett did not have a valid claim against Mr. Cook's employee for placing the mechanic's lien on his house. He further found, however, that Mr. Burkett had a cognizable claim against Mr. Cook based upon Mr. Cook's "failure to address matters with [his employee] resulting in [his employee's] mechanic's lien, which was placed against the property."
 {¶ 8} The magistrate concluded that Mr. Burkett was entitled to judgment against Mr. Cook for $300 nominal damages based upon failure to finish the roof and for $1494 as a result of the mechanic's lien. As mentioned previously, the *Page 5 
trial court determined that there were no errors of law or other defects on the face of the magistrate's decision and entered judgment based upon it.
 II. {¶ 9} In the trial court, Mr. Cook filed a document designated as an objection to the magistrate's decision. His attempted objection, however, did not satisfy the requirement of Rule 53(D)(3)(b)(ii) of the Ohio Rules of Civil Procedure that objections to magistrate's decisions be "specific and state with particularity all grounds for objection":
 The defendant, Melvin Cook, serves notice that he objects to the Magistrate's ruling based on error, finding of facts, and issues of law, and hereby serves notice that he will be objecting to the Magistrate's ruling pursuant to Civ. R. 52 and 53.
Mr. Cook failed to file a more specific objection. The trial court, therefore, correctly limited its review of the magistrate's decision to a determination of whether there was an error of law or other defect evident on the face of that decision within the meaning of Rule 53(D)(4)(c) of the Ohio Rules of Civil Procedure. This Court's review of the trial court's adoption of the magistrate's decision, therefore, is limited to determining whether, in adopting that decision, the trial court failed "to correct an obvious error of law or other such defect in the decision." Fed. Prop. Mgmt. v. Brown, 2d Dist. No. 17424,1999 WL 961275, at *3 (June 25, 1999) (quoting Divens v. Divens, 2d Dist. No. 97 CA 112, 1998 WL 677163, at *2 (Oct. 2, 1998)). *Page 6 
 {¶ 10} Mr. Cook also failed to provide the trial court with a transcript of the hearing before the magistrate. Even in the absence of his failure to file specific objections, therefore, the trial court would have been required to "accept all of the magistrate's findings of fact as true and review only the magistrate's legal conclusions in light of the facts found by the magistrate." Miller v. Harrison, 9th Dist. No. 22400, 2005-Ohio-3324, at ¶ 11 (citing Wilms v. Herbert, 9th Dist No. 04CA008525, 2005-Ohio-2, at ¶ 10). This Court's review would be similarly limited. Id.
 A. {¶ 11} Mr. Cook's first assignment of error is that "[t]he trial court erred by forgetting to make plaintiff pay for the new roof he received." His point appears to be that, inasmuch as Mr. Burkett only paid him $1800 toward the full contract price of $3600, the trial court's award of $1794 in damages to Mr. Burkett was incorrect. This Court has concluded that Mr. Cook's argument is correct and that the magistrate's error of law was evident on the face of his decision.
 {¶ 12} The first problem with the magistrate's decision was related to his award of $300 in nominal damages based upon Mr. Cook's failure to complete the contracted for work. Section 347 of the Restatement Second of Contracts provides that, in calculating damages awardable for breach of contract, it is necessary to subtract any expense the injured party has avoided as a result of not having to perform: *Page 7 
Subject to the limitations stated in §§ 350-53, the injured party has a right to damages based on his expectation interest as measured by
 (a) the loss in the value to him of the other party's performance caused by its failure or deficiency, plus
 (b) any other loss, including incidental or consequential loss, caused by the breach, less
 (c) any cost or other loss that he has avoided by not having to perform.
 {¶ 13} In this case, the magistrate determined that Mr. Burkett had failed to prove any actual loss in value or other incidental or consequential loss as a result of Mr. Cook's breach, so he awarded him $300 nominal damages. Although Section 347 appears to contemplate actual as opposed to nominal damages, the rationale upon which it is based is as applicable to nominal damages as it is to actual damages. The magistrate determined that Mr. Burkett was entitled to $300 as a result of Mr. Cook's failure to complete the contract. The fact that Mr. Cook failed to complete the contract, however, relieved Mr. Burkett of his obligation to pay the remaining $1800. Mr. Burkett, therefore, avoided more cost by not having to perform under the contract than the magistrate had determined he was entitled to recover based upon Mr. Cook's breach. The magistrate's determination that Mr. Burkett was entitled to recover $300 in nominal damages from Mr. Cook was an error that was evident on the face of his decision.
 {¶ 14} The magistrate also determined that Mr. Burkett was entitled to recover $1494 from Mr. Cook, an amount equal to the amount of the mechanic's *Page 8 
lien that one of Mr. Cook's employees placed on Mr. Burkett's house. This determination was an evident error for two reasons.
 {¶ 15} If Mr. Burkett had paid Mr. Cook the full $3600 called for under the contract and also paid Mr. Cook's employee an additional $1494 in order to have the lien removed from his house, he would have been subrogated to the employee's claim against Mr. Cook. Under Ohio law, however, subrogation does not arise until the party to be subrogated has actually paid the debt of another. J.A. Clark Mech. Inc. v. Case WesternReserve Univ., 80 B.R. 430, 433 (N.D. Ohio 1987) (citing Dusi v.Albanese, 74 Ohio App. 136 (1943)). Inasmuch as Mr. Burkett had not paid Mr. Cook's employee at the time of the magistrate's decision, he was not entitled to recover an amount equal to the amount of the mechanic's lien from Mr. Cook.
 {¶ 16} Further, in this case, even if Mr. Burkett had paid Mr. Cook's employee, he would not have been entitled to an award of damages against Mr. Cook. Section 1311.15(B)(1) of the Ohio Revised Code provides that an owner who directly pays a claim of a laborer has a "setoff or credit, in an amount equal to the amount paid, against the original contractor or principal contractor who employed the . . . laborer paid by the owner. . . ." If Mr. Burkett had paid Mr. Cook's employee the amount of his mechanic's lien, therefore, he would have been entitled to a setoff or credit of $1494 against the $1500 that remained due under the original contract after deducting the $300 nominal damages to which the *Page 9 
magistrate determined Mr. Burkett was entitled. He would not have also been entitled to an additional $1494 in damages against Mr. Cook.
 {¶ 17} The magistrate's conclusion that Mr. Burkett was entitled to an award of damages against Mr. Cook was an error of law evident on the face of his decision. Accordingly, the trial court erred by adopting that decision. Mr. Cook's first assignment of error is sustained.
 B. {¶ 18} Mr. Cook's second assignment of error is that there was insufficient evidence before the magistrate to support his finding that there was a mechanic's lien against Mr. Burkett's house. As noted previously, Mr. Cook failed to provide the trial court a transcript of the hearing before the magistrate. The trial court, therefore, was required to "accept all of the magistrate's findings of fact as true and review only the magistrate's legal conclusions in light of the facts found by the magistrate." Miller v. Harrison, 9th Dist. No. 22400,2005-Ohio-3324, at ¶ 11 (citing Wilms v. Herbert, 9th Dist No. 04CA008525, 2005-Ohio-2, at ¶ 10). That includes his finding that there was a mechanic's lien against Mr. Burkett's house. Mr. Cook's second assignment of error is overruled.
 III. *Page 10 {¶ 19} Mr. Cook's first assignment of error is sustained and his second assignment of error is overruled. The trial court's judgment in favor of Mr. Burkett against Mr. Cook is reversed. The trial court's judgment in favor of Mr. Cook's employee is not affected by this opinion.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to appellee. *Page 11