DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal of a judgment entry by the Lucas County Court of Common Pleas, Domestic Relations Division, denying appellant Rita Loveridge's request for payments pursuant to a temporary order that was issued by the trial court in the divorce action between herself and appellee, Dennis McBroom. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appellee filed for divorce from appellant on August 21, 1998. On May 22, 2001, the parties entered into a separation agreement. The agreement was then incorporated into the trial court's May 23, 2001 order granting the divorce. The portion of the agreement that relates to the instant action provides that the parties, within 30 days of executing the agreement, were to review various payments or reimbursements due to appellant from appellee pursuant to the court's temporary orders of April 14, 2000. Upon completion of that review, the parties were to determine whether any arrearage had accrued; if so, appellee was to immediately pay appellant the unpaid arrearage. In the event of disagreement between the parties, the trial court was to retain jurisdiction to hear and rule upon the issue of arrearages.
 {¶ 3} On January 15, 2002, appellant filed a motion to show cause in which she claimed, among other things, that certain arrearages had accrued pursuant to the temporary orders of April 14, 2000, and that such arrearages were due and owing from appellee.
 {¶ 4} A few months later, on May 20, 2002, appellee filed a motion for relief from judgment pursuant to Civ.R. 60(B). The trial court denied this motion on January 9, 2003. Appellee appealed this denial on January 31, 2003.
 {¶ 5} On September 12, 2003, the trial court dismissed appellant's January 15, 2002 motion to show cause without prejudice.
 {¶ 6} Appellee's appeal of January 31, 2003 was decided on September 30, 2003. Almost nine months later, on June 16, 2004, appellant filed a second motion to show cause, renewing, interalia, her claim that arrearages had accrued pursuant to the trial court's April 14, 2000 temporary orders, and that such arrearages remained due and owing from appellee. This motion came for hearing before the magistrate on June 14, 2005. In a decision dated November 4, 2005, the magistrate dismissed with prejudice the portion of appellant's motion that requested reimbursement for any payments due on the April 14, 2000 temporary orders. Specifically, the magistrate found that the terms of the separation agreement obligated the parties to review within 30 days issues concerning payments and reimbursements that were due pursuant to the trial court's April 14, 2000 temporary order. He further found that any such issue that remained unresolved at the end of the 30-day period would have had to have been submitted within a reasonable time after the 30-day period for determination by the court. The magistrate concluded that appellant's motion, filed three years after the execution of the separation agreement, was untimely filed. Appellant did not file objections to this decision. The trial court adopted the magistrate's decision in the judgment entry that is subject of the current appeal. In this appeal, appellant raises the following as his sole assignment of error:
 {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING WITH PREJUDICE THE PORTION OF APPELLANT'S MOTION REQUESTING REIMBURSEMENT FOR ANY PAYMENTS DUE ON THE TRIAL COURT'S TEMPORARY ORDER OF APRIL 14, 2000."
 {¶ 8} We begin this analysis by addressing appellee's argument that appellant, in failing to file timely objections, failed to preserve her assignment of error for appeal.
 {¶ 9} Former Civ.R. 53 relevantly provides: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, regardless of whether the court has adopted the decision * * *." Civ.R. 53(E)(3)(a). Further, "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Civ.R. 53(E)(3)(d).
 {¶ 10} In order to avoid confusion and to give notice to the parties and their counsel, Civ.R. 53(E)(3) was amended to require that a magistrate's findings of fact and conclusions of law indicate conspicuously that a party cannot appeal unless the party first files timely objections. Mix v. Mix, 11th Dist. No. 2003-P-0124, 2005-Ohio-4207, at ¶ 19-21; see, also, Civ.R. 53(E)(2).
 {¶ 11} In the instant case, the first page of the magistrate's decision contains the following language, set forth under a capitalized, bold-letter and underlined heading entitled "Notice to Attorneys and Parties":
 {¶ 12} "Objections must be filed pursuant to Civil Rule53(E)(3) and Local Rule 7.14. A party shall not assign as error on appeal the Court's adoption of any finding of fact or conclusion of law in that decision unless the party timely and specifically objects to the finding or conclusion as required by [Civ.R. 53(E)(3)]." (Emphasis in original.)
 {¶ 13} Such notice, prominently placed at the beginning of the document containing the magistrate's findings of fact and conclusions of law amounts to substantial, if not full, compliance with Civ.R. 53(E)(2).[1] In addition to the notification set forth in the magistrate's decision, there was a second notification on the face of the judgment entry adopting that decision, which provided — again under a capitalized, bold-letter and underlined heading entitled "Notice to Attorneys and Parties" — "Objections must be filed pursuant to Civil Rule53(E)(3) and Local Rule 7.14." With these two notices, appellant should certainly have been aware that in order to be able to appeal the decision of the magistrate, she would first have to file timely objections with the trial court. In failing to file any objection to the magistrate's findings of fact or conclusions of law, appellant failed to preserve for our consideration her claim that the trial court abused its discretion in its ruling on her motion to show cause.
 {¶ 14} We note that Civ.R. 53(E)(3)(D) does not preclude an appeal where the error complained of constitutes plain error.Buford v. Singleton, 10th Dist. No. 04AP-904,2005-Ohio-753.[2] Addressing the applicability of the plain error doctrine to appeals of civil cases, the Supreme Court of Ohio in Goldfuss v. Davidson (1997), 79 Ohio St.3d 116 stated:
 {¶ 15} "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Id., at the syllabus.
 {¶ 16} Even assuming, arguendo, that the trial court's decision was in error, such error — to wit, the dismissal of appellant's belated request for reimbursement for payments due on the temporary order — could not reasonably be characterized as seriously affecting the basic fairness, integrity, or public reputation of the judicial process, and, thus, would not rise to the level required for the application of the plain error doctrine.
 {¶ 17} Because appellant's assignment of error was not preserved for appeal, it is necessarily found not well-taken. The judgment of the trial court is affirmed. Appellant, Rita Loveridge, is ordered to pay the costs of this appeal pursuant to App.R. 24. Appellee Dennis Broom's request for attorney fees pursuant to App.R. 23 is denied. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J., Singer, P.J., Skow, J., concur.
[1] We note that Civ.R. 53(D)(3)(a)(iii), as amended July 1, 2006, now reads that a magistrate's decision, rather thanfindings of fact and conclusions of law, shall indicate conspicuously the warning that timely objection is necessary to preserve an assignment of error for appeal. According to the Staff Note to amended Rule 53(D): "While the prior waiver rule, prescribed by former Civ.R. 53(E)(3)(b) (effective July 1, 1995) and former Civ.R. 53(E)(3)(d) (effective July 1, 2003), arguably applied only to findings of fact or conclusions of law specifically designated as such, the amended waiver rule applies to any factual finding or legal conclusion in a magistrate's decision and the required warning is broadened accordingly."
[2] In July 2006, Civ.R. 56 was amended to reflect legislative adoption of plain error exception to the waiver rule. Newly enacted Civ.R. 56(D)(3)(b)(iv) expressly provides that "[e]xceptfor a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."