OPINION
{¶ 1} Defendant-Appellant, Angela Ordean, appeals the judgment of the Shelby County Court of Common Pleas, Domestic Relations Division, dismissing her objections to a magistrate's decision for failure to provide a transcript. On appeal, Angela argues that the trial court erred in proceeding with the matter as an uncontested divorce hearing, because she filed an answer; that the trial court erred in finding her in default for failing to appear for the uncontested divorce hearing; and, that the trial court erred in dismissing her objections to the magistrate's decision for failure to provide a transcript. Based on the following, we affirm the judgment of the trial court.
 {¶ 2} In June 2006, Plaintiff-Appellee, Sean Ordean, filed a complaint for divorce from Angela. Sean and Angela have two children born as issue to their marriage, Arrianna Ordean, born June 13, 2001, and Ian Ordean, born June 13, 2005.
 {¶ 3} On July 31, 2006, Angela received service in Arizona.
 {¶ 4} On September 22, 2006, Angela, who acted pro se, filed a letter, which provided her proper address and purported to correct some mistakes in Sean's complaint for divorce.[1] Additionally, she asked the court "to grant the motion for divorce giving me custody of our minor children." Angela filed an *Page 3 
additional letter "to ask the court to astablish (Sic.) A Child Support Order for our minor children Arrianna Ordean and Ian Ordean."[2]
Finally, Angela filed another letter "inregards (Sic.) to the Plainiff s motion for visitation with our minor children Arrianna Ordean and Ian Ordean", which requested custody of the minor children.[3]
 {¶ 5} On September 25, 2006, the magistrate held a hearing on Sean's complaint for divorce and on September 27, 2006, filed his decision. In his decision, the magistrate noted that notice had been given to all parties; that Sean was present with his attorney; and, that "Defendant was in default for appearance." Additionally, the magistrate indicated that "Defendant filed a pro se answer in this matter on September 22, 2006." Further, the magistrate designated Sean as the residential parent and legal custodian of the children, awarded Angela visitation privileges under Local DR Rule 22, for out of state visitation, and ordered Angela to pay $328.20 per month in child support.
 {¶ 6} On October 4, 2006, Angela wrote another letter, dated October 2, 2006, to the court "to appeal the courts (Sic.) decision on September 25, 2006 * * *." Basically, Angela's letter indicated that she was unaware that the hearing would include custody matters and that she had evidence to present, which would affect the court's decision. *Page 4 
 {¶ 7} In November 2006, Sean filed a motion to dismiss Angela's objections to the magistrate's decision, because Angela failed to file a transcript within thirty days after filing the objection under Civ.R. 53(D)(3)(b)(iii) and her objections were factual in nature and must be supported by a transcript of the evidence. On November 9, 2006, the trial court granted Sean's motion, finding that Angela had failed to properly prosecute her objections, because her objections were factual in nature and she failed to provide a transcript under Civ.R. 53(D)(3)(b)(iii), and ordered Sean's counsel to prepare a judgment decree of divorce in conformity with the magistrate's decision. On November 17, 2006, the trial court entered its judgment decree of divorce.
 {¶ 8} In December 2006, Angela, through counsel, moved for an order for relief from judgment under Civ.R. 60(B).[4]
 {¶ 9} It is from the trial court's November 9, 2006 entry, Angela appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I The trial court erred in proceeding with the matter as an Uncontested Divorce Hearing due to the Appellant filing an answer. *Page 5 
 Assignment of Error No. II The trial court erred in finding Appellant in default for failing to appear for the Uncontested Divorce Hearing.
 Assignment of Error No. III The trial court erred in dismissing Appellant's Objections to Decision of Magistrate for failure to provide a transcript as the Appellant's Objections were mistakes of law.
 {¶ 10} Due to the nature of Angela's assignments of error, we elect to address her first and second assignments of error together and conclude with addressing her third assignment of error.
 Assignments of Error Nos. I II {¶ 11} In her first assignment of error, Angela argues that the trial court erred in proceeding with the matter as an uncontested divorce hearing, because she filed an answer. In her second assignment of error, Angela argues that the trial court erred in finding her in default for failing to appear for the divorce hearing.
 {¶ 12} Before reaching the merits of these assignments of error, we note that Angela failed to object to these matters when she objected to the magistrate's decision. Civ.R. 53(D)(3)(b)(iv) provides:
 (iv) Waiver of right to assign adoption by court as error on appeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b). *Page 6 
 {¶ 13} Accordingly, we are bound to review these assignments of error under the plain error standard. See McBroom v. Loveridge, 6th Dist. No. L-05-1391, 2006-Ohio-5908, ¶ 14. Addressing the applicability of the plain error doctrine to appeals of civil cases, the Supreme Court of Ohio in Goldfuss v. Davidson, 79 Ohio St.3d 116, 1997-Ohio-401, stated:
 {¶ 14} "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Id., at the syllabus.
 {¶ 15} Turning to the first assignment of error, Angela alleges that someone at the court told her that she was not required to appear at the hearing and that the trial court erred in proceeding with the matter as an uncontested divorce hearing. Upon our review of the record, we note that Angela received proper notice prior to the magistrate's hearing; that she failed to appear at the hearing; and, that she never informed the court of a problem with the hearing date. Therefore, we cannot find that plain error occurred when the magistrate proceeded with the divorce action. *Page 7 
 {¶ 16} In her second assignment of error, Angela alleges that the magistrate erred in finding her in default for failure to appear, which is a mistake of law under Civ.R. 75(F). Civ.R. 75(F) prohibits a trial court from granting a default judgment pursuant to Civ.R. 55 in divorce actions. As noted by Sean, the magistrate did not enter a default judgment, but instead considered the evidence presented and issued his decision accordingly. Additionally, Sean never moved for default judgment under Civ.R. 55, and the trial court never stated that it was entering judgment due to Angela's failure to plead. Although the magistrate indicated that Angela was "in default for appearance", this appears to simply be a statement that she was not physically present at the hearing. Therefore, we cannot find that the trial court committed plain error when the magistrate indicated that Angela was "in default for appearance."
 {¶ 17} Accordingly, Angela's first and second assignments of error are overruled.
 Assignment of Error No. III {¶ 18} In her third assignment of error, Angela argues that the trial court erred in dismissing her objections to the magistrate's decision for failure to provide a transcript, because her objections were to mistakes of law. Specifically, Angela argues that she alleged violations of her due process rights by stating, "I feel that I have a right to defend myself against the Plaintiff's crude allegations, *Page 8 
and those opinions of the witness he had who I was unaware of them being there. I feel that all the facts were not heard and when heard it will effect the courts (Sic.) decision." We disagree.
 {¶ 19} At the outset, we note that a trial court's decision to adopt, reject or modify a magistrate's report and recommendation will be reversed on appeal only for an abuse of discretion. See Wade v.Wade (1996), 113 Ohio App.3d 414, 419. The term "abuse of discretion" connotes that the court's decision is unreasonable, arbitrary, or unconscionable; an abuse of discretion constitutes more than an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 20} Civ.R. 53(D)(3)(b)(iii) places the burden upon the party objecting to the magistrate's decision to provide the trial court with "a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." "Moreover, Ohio courts have repeatedly held that `a party cannot challenge on appeal the factual findings contained in a magistrate's report unless that party submits the required transcript or affidavit.'" Snider v. Snider, 3d Dist. No. 10-04-06, 2004-Ohio-5764, ¶ 7, quoting Simms v. Simms (Mar. 27, 1998), 11th Dist. No. 97-P-0005.
 {¶ 21} Further, it is well-established that if a party fails to file a transcript with the objections, the trial court is free to adopt the magistrate's findings without further consideration of the objections.Ciura v. Carletti, 7th Dist. No. 02-CA-212, 2003-Ohio-4460, ¶ 11; *Page 9 Mosesson v. Rack, 7th Dist. No. 99CA321, 2001-Ohio-3232;Purpura v. Purpura (1986), 33 Ohio App.3d 237, 239; Conley v.Conley, 9th Dist. No. CA 21759, 2004-Ohio-1591, ¶ 7 (holding that the trial court was only able to review conclusions of law). Thereafter, that party is precluded from appealing the magistrate's factual determinations and "waives any claim that the trial court erred in adopting the magistrate's factual finding." Sirnrns, supra.
 {¶ 22} Having failed to provide a transcript to support her objections to the magistrate's decision as required by Civ.R. 53(D)(3)(b)(iii), Angela waived the right to challenge the factual findings made by the trial court. Angela's assignment of error attempts to challenge the trial court's conclusions of law, but "the resolution of [her] objections necessarily involve a factual analysis of the evidence presented at the hearing before the magistrate * * *," and therefore Civ.R. 53(D)(3)(b)(iii) requires a transcript or affidavit.Conley, supra, at ¶ 9. Without having filed the transcript or affidavit, Angela has waived her claims. Simms, supra.
 {¶ 23} Accordingly, we conclude that the trial court did not abuse its discretion in overruling Angela's objections to the magistrate's decision and overrule her third assignment of error. *Page 10 
 {¶ 24} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur.
[1] We note that this letter was dated August 18, 2006.
[2] We note that this letter was dated August 15, 2006.
[3] We note that this letter was dated August 15, 2006.
[4] We note that in January 2007, Sean filed a memorandum contra to Angela's motion for relief from judgment. Subsequently, the trial court filed an entry that properly noted "an appeal divests the trial court of jurisdiction to consider a Civil Rule 60(B) Motion" and that it declined to make further orders pending the outcome of Angela's appeal. *Page 1