[Cite as *Titus v. Titus*, 2018-Ohio-4548.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

HERBERT TITUS, ET AL.,

    PLAINTIFFS-APPELLEES,

    v.                                   CASE NO. 8-18-19

DEVYN A. TITUS,

    DEFENDANT-APPELLEE,
    -and-
                                        O P I N I O N

BRAD WEINER,

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Juvenile Division
Trial Court No. 17-CU-0007

**Judgment Affirmed**

**Date of Decision: November 13, 2018**

APPEARANCES:

    *Sheila E. Minnich* for Appellees, Herbert & Shannon Titus

    *Miranda A. Warren* for Appellant

**ZIMMERMAN, J.**

{**¶1**} Defendant/Appellant, Brad Weiner ("Appellant"), appeals the judgment of the Logan County Juvenile Court granting custody of his minor child, H.I.B.T., to Appellees Herbert and Shannon Titus (maternal grandparents of H.I.B.T.). On appeal, Appellant argues that the trial court abused its discretion when it granted custody to H.I.B.T.'s maternal grandparents. For the reasons that follow, we affirm the ruling of the Logan County Juvenile Court.

*Case Background*

{**¶2**} On June 22, 2017, Appellee's Herbert and Shannon Titus (hereafter referred to as "Appellees") filed a complaint/motion for legal custody of their grandchild, H.I.B.T. (Doc. No. 3). In their motion, Appellees alleged that H.I.B.T.'s biological mother, Devyn Titus, was not fit to parent H.I.B.T., due to alleged drug use. (*Id.*). Appellees also alleged that H.I.B.T was in their care, as Devyn Titus only recently contacted Appellant to inform him that he was H.I.B.T.'s biological father. Along with the complaint for legal custody, Appellees also filed an *ex parte* motion and affidavit for temporary custody, which the trial court granted. (Doc. Nos. 5, 12).

{**¶3**} Thereafter, Devyn Titus and Appellant were served with a summons on the complaint for legal custody. (Doc. Nos. 13, 14). Appellant filed his answer on July 18, 2017. (Doc. No. 23). Appellant indicated to the trial court that he desired

to have his name added to H.I.B.T.'s birth certificate and further desired to have custody of H.I.B.T. if Devyn Titus was not awarded custody. (*Id.*).

**{¶4}** After several pretrial motions not pertinent to this appeal, the trial court scheduled a final hearing on the issue of legal custody and Appellant was served with the order. (Doc. No. 51).

**{¶5}** A final hearing on legal custody was held on January 16, 2018. (Doc. No. 56). Appellant failed to appear at the hearing and did not have counsel present to represent him. (*Id.*). During the hearing, both Devyn Titus and Appellee, Herbert Titus, testified that they had concerns about Appellant's behavior. (*Id.*). Specifically, Devyn Titus informed the trial court of a domestic violence incident involving Appellant wherein law enforcement arrested Appellant. (*Id.*). Further, Devyn Titus expressed concerns about Appellant's drinking habit. (*Id.*). Lastly, and concerning Appellant's employment, Devyn Titus testified that Appellant's work as a comedian caused him to travel frequently. (*Id.*).

**{¶6}** The trial court found that an award of custody to Appellant would be detrimental to the child and found that it would be in the best interest of the child to be placed into the legal custody of Appellees, Herbert and Shannon Titus. (*Id.*). Accordingly, the magistrate recommended that the Appellees be granted legal custody. (*Id.*).

{¶7} On January 29, 2018, Appellant filed timely objections to the magistrate's decision in the trial court. (Doc. No. 57). Specifically, Appellant objected to: 1) the income reported in the child support worksheet being incorrect; 2) the report of the January 4, 2018 arrest for domestic violence; and 3) Appellee's and Devyn Titus's testimony that Appellant had an "alcohol dependence issue." (*Id.*). Notably, Appellant's objections did not involve the trial court's unsuitability finding's regarding the criteria set forth in *In re Perales.*

{¶8} On February 28, 2018, Appellees filed a motion to dismiss Appellant's objections, on the basis that Appellant failed to request and file a transcript with the trial court as set forth in Civ.R. 53(D)(3)(b)(iii). (Doc. No. 63).

{¶9} On March 12, 2018, the trial court ruled on the magistrate's decision. (Doc. No. 64). The trial court determined that that Appellant, as the objecting party, had failed to file a transcript with his objections, pursuant to Civ.R. 54(D)(3)(b)(iii), and therefore the trial court was unable to find that any of the magistrate's factual finding were in error. (*Id.*). Furthermore, the trial court noted that the Appellant's attempt to introduce new evidence in his objections was improper.[1] (*Id.*). Finding that Appellant's objections were not well taken, the trial court overruled Appellant's objections in whole and adopted the magistrate's findings and recommendations. (*Id.*).

---

[1] While the trial court did address Appellant's complaints regarding child support, the issue of child support is not pertinent to this appeal. (*See,* Doc. No. 64).

{¶10} On March 30, 2018, the trial court issued its judgment entry on the Appellee's complaint for legal custody, designating the Appellees, Herbert and Shannon Titus as H.I.B.T.'s legal custodians. (Doc. No. 67). With respect to Appellant, the trial court granted Appellant residual parental rights, including: visitation, consent to adoption, religious affiliation, and the responsibility of support. (*Id.*). From this judgment Appellant timely appeals, and presents the following assignment of error for our review:

## ASSIGNMENT OF ERROR NO. I

**IT WAS AN ABUSE OF DISCRETION AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN THE TRIAL COURT FAILED TO APPLY ALL CRITERIA OF IN RE PERALES AND FOUND THAT AN AWARD OF CUSTODY TO THE APPELLANT WOULD BE DETRIMENTAL TO THE MINOR CHILD.**

*Appellant's First Assignment of Error*

{¶11} Appellant argues that the trial court abused its discretion when it awarded custody of H.I.B.T. to Appellees. Additionally, Appellant argues that the decision of the juvenile court was against the manifest weight of the evidence, because the juvenile court failed to apply all the criteria of *In Re Perales* when it granted custody to Appellees. We disagree.

{¶12} Before reaching the merits of this assignment of error, we find that the Appellant failed to file a transcript with his objections in the trial court and that his

assignment of error fails to mirror any of his objections to the magistrate's decision.

Civ.R. 53(D)(3)(b)(iv) provides:

> (iv) *Waiver of right to assign adoption by court as error on appeal.* Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

Civ.R. 53(D)(3)(b)(iv). Accordingly, we may only review Appellant's assignment of error under a plain error standard. *Ordean v. Ordean,* 3rd Dist. Shelby No. 17-06-15, 2007-Ohio-3979, ¶ 13; *see also, McBroom v. Loveridge,* 6th Dist. Lucas No. L-05-1391, 2006-Ohio-5908, ¶ 14. In *Goldfuss v. Davidson,* the Ohio Supreme Court announced the following standard of review with respect to plain error:

> 'In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.'

*Id.* at ¶ 13-14 *quoting Goldfuss v. Davidson,* 79 Ohio St.3d 116, 1997-Ohio-401, 679 N.E.2d 1099, syllabus.

{¶13} Appellant argues that the trial court failed to satisfy the criteria of *In re Perales* when it found him an unsuitable parent. However, the record reveals otherwise. Devyn Titus testified that Appellant was arrested on January 4, 2018,

for a domestic violence incident involving both Devyn Titus *and* H.I.B.T.[2] (Final Hearing, 01/16/2018 Tr. at 7-8). Furthermore, Devyn Titus introduced the police report from Appellant's arrest into the record. (*Id.;* Ex. B). Because of the domestic violence incident, Devyn Titus obtained a civil protection order[3] ("CPO") to protect herself *and* H.I.B.T. from Appellant. (*Id.* at 8; Ex. A).

{¶14} Ohio case law permits a trial court to make a finding a parental unsuitability where there are incidents of domestic violence. *See, In re T.P.,* 9th Dist. Summit No. 27483, 2015-Ohio-1628, ¶ 21 (finding that an award of custody to the father would be detrimental to the child, in part, because of a history of domestic violence against Mother); *see also, In re M.N.,* 6th Dist. Lucas No. L-15-1317, 2016-Ohio-7808, ¶¶ 49-51 (finding that the Appellant was an unsuitable parent, due, in part, to a history of domestic violence).

{¶15} Moreover, regarding Appellant's suitability as a parent, Devyn Titus testified that Appellant drinks alcohol approximately five nights a week and that she believed Appellant had a problem with alcohol.[4] (Final Hearing, 01/16/2018 Tr. at 6; 8).

---

[2] Appellant asserts in his brief that there was no allegation that he attempted or committed any physical violence against H.I.B.T. This is contrary to Devyn Titus's testimony regarding the January 4, 2018 domestic violence incident, where Appellant "physically" tried to remove H.I.B.T. from her (Devyn Titus) arms. (Final Hearing, 01/16/2018 Tr. at 7).

[3] Specifically, a Domestic Violence Temporary Protection Order, pursuant to R.C. 2919.26, was granted to Devyn Titus and H.I.B.T. on January 5, 2018, protecting them from Appellant.

[4] Appellant failed to appear at the hearing and failed to introduce any testimony or evidence to refute Devyn Titus's testimony.

{¶16} Because the evidence supports that Appellant had an incident of domestic violence involving H.I.B.T., along with a concerning alcohol problem, we cannot say that it was plain error for the trial court to find Appellant unsuitable to parent H.I.B.T. Accordingly, Appellant's sole assignment of error is overruled.

{¶17} Having found no error prejudicial to Appellant herein in the particulars assigned and argued, we overrule Appellant's assignment of error and affirm the judgment of the Logan County Juvenile Court.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**