DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Linda Conley, appeals the decision of the Summit County Court of Common Pleas, Domestic Relations Division, which sustained appellee, Clarence L. Conley's objections to a magistrate's decision. This Court reverses and remands.
 I. {¶ 2} The parties were married in May of 1969, and no children were born as issue of the marriage. The parties were divorced in May of 1991. On February 3, 2003, appellant filed a post-decree motion for contempt of court and other relief against appellee, claiming he had failed to comply with his obligations to pay spousal support and to name appellant as beneficiary of his life insurance policy. Appellee responded by filing a post-decree motion in which he requested the court terminate his spousal support obligation.
 {¶ 3} The magistrate conducted a hearing on the motions and issued a decision on April 10, 2003, finding appellee in contempt of court and ordering him to both pay back money withdrawn from his life insurance policy and to continue to pay spousal support to appellant. The trial court adopted the magistrate's decision on April 10, 2003, and appellee filed objections to the magistrate's decision on April 24, 2003. Appellee filed a brief in support of his objections, but he failed to provide either a transcript or affidavit to the trial court. Appellant filed a memorandum in opposition to the objections on May 2, 2003.
 {¶ 4} The trial court conducted an oral non-evidentiary hearing with the parties' counsel on June 6, 2003. On September 18, 2003, the trial court journalized a decision and order whereby it sustained appellee's objections to the magistrate's decision, held appellee's spousal support obligation in abeyance, and found that appellee did not have to repay the money withdrawn from his life insurance policy.
 {¶ 5} Appellant timely appealed the September 18, 2003 decision, setting forth four assignments of error for review. For ease of discussion, this Court will begin by addressing appellant's fourth assignment of error.
 II. FOURTH ASSIGNMENT OF ERROR
"The trial court erred and abused its discretion by giving consideration to appellee's objections to the magistrate's decision and the findings of fact contained therein, since the objections were unsupported by a transcript of all of the evidence and proceedings conducted before the magistrate."
 {¶ 6} In her fourth assignment of error, appellant argues the trial court abused its discretion in ruling on appellee's objections to the magistrate's decision because appellee failed to file the transcript of the evidence presented at the hearing before the magistrate to support his objections.
 {¶ 7} Civil Rule 53 provides, in relevant part:
"Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Civ.R.53(E)(3)(c).
This Court has held that when a party fails to file a transcript or an affidavit as to the evidence presented at the magistrate's hearing, the trial court, when ruling on the objections, is required to accept the magistrate's findings of fact and to review only the magistrate's conclusions of law based upon those factual findings. Brown v. Brown (Apr. 4, 2001), 9th Dist. No. 20177.
 {¶ 8} In the instant case, appellee filed objections to the April 10, 2003, magistrate's decision on April 24, 2003. Although the docket reveals that appellee filed a praecipe for the transcript of proceedings and represented that he would include the same with his objections, appellee failed to file the transcript of the evidence and proceedings conducted before the magistrate; nor did appellee file an affidavit stating the evidence presented to the magistrate. Despite these facts, on June 6, 2003, the trial court conducted an oral non-evidentiary hearing with both parties to consider appellee's objections. On September 18, 2003, the trial court ruled on appellee's objections by issuing a journal entry in which it sustained his objections, held appellee's spousal support obligation in abeyance, and found that appellee did not have to repay the money withdrawn from his life insurance policy, of which appellant was the beneficiary.
 {¶ 9} This Court notes that, although appellee claimed his objections related only to questions of law, the resolution of his objections necessarily involve a factual analysis of the evidence presented at the hearing before the magistrate and, therefore, required a transcript. It is clear the trial court attempted to arrive at an equitable resolution regarding unfortunate circumstances for both parties. This Court is not unsympathetic to the parties, but its hands are tied based on the transcript requirements found in Civ.R. 53(E)(3)(c). Obviously, a court may consider additional evidence or hold a new evidentiary hearing when ruling on objections pursuant to Civ.R. 53(E)(4)(b), but without doing so objections revolving around factual issues require a transcript or affidavit under Civ.R. 53(E)(3)(c).
 {¶ 10} Appellant's fourth assignment of error is sustained.
 FIRST ASSIGNMENT OF ERROR
"The trial court erred and abused its discretion in its order which holds in abeyance appellee's spousal support obligation effective march 7, 2003."
 SECOND ASSIGNMENT OF ERROR
"The order of the trial court which holds in abeyance appellee's spousal support obligation effective march 7, 2003, is not supported by the manifest weight of the evidence."
 THIRD ASSIGNMENT OF ERROR
"The trial court erred and abused its discretion in its order eliminating the obligation for repayment of the loan secured from the cash value of the western southern life insurance company policy."
 {¶ 11} Due to our disposition of appellant's fourth assignment of error, this Court declines to address appellant's first, second, and third assignments of error.
 III. {¶ 12} Accordingly, the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed and the cause remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
Whitmore, J. Batchelder, J. concur