OPINION
{¶ 1} Elizabeth A. Snider, plaintiff-appellant, appeals the February 10, 2004 judgment of the Court of Common Pleas of Mercer County, Ohio, overruling her objections to the magistrate's decision on her complaint for divorce.
 {¶ 2} The parties were married on December 1, 1998. Appellant filed her complaint for divorce on April 17, 2003 and a hearing on the complaint was held before a magistrate on October 28, 2003. There were no children born of the marriage; the sole issues in the divorce surrounded property disputes, asset distribution, and spousal support. On November 12, 2003 the magistrate filed her decision, and Appellant timely filed objections to that decision pursuant to Civ.R. 53(E)(3)(a) on November 25, 2003. At that time Appellant also filed a Praecipe for Transcript requesting a transcript of the October 28, 2003 hearing and requesting that the trial court either order that the costs be paid for by the County, waive the cost of the transcript, or assess the fees as court costs due to her indigent status.
 {¶ 3} The trial court issued a judgment entry on December 8, 2003 denying a waiver of the transcript costs and denying payment of the costs by the county. Thereafter, Appellant did not obtain a transcript of October 28, 2003 hearing and failed to provide the trial court with a copy of the transcript for consideration of her objections. Consequently, on February 10, 2004 the trial court issued a judgment entry adopting the magistrate's decision and recommended orders and overruling Appellant's objections.
 {¶ 4} For ease of discussion, we will discuss Appellant's assignments of error out of order.
 {¶ 5} At the outset, we note that "[a] trial court's decision to adopt, reject or modify a magistrate's report and recommendation . . . will be reversed on appeal only for an abuse of discretion." Wade v. Wade (1996), 113 Ohio App.3d 414, 419. The term "abuse of discretion" connotes that the court's decision is unreasonable, arbitrary, or unconscionable; an abuse of discretion constitutes more than an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 6} In her second assignment of error, Appellant asserts:
The trial court erred as a matter of law and to the prejudiceof the Appellant in denying Appellant, an indigent, a transcriptof the divorce hearing with the cost to be assessed to courtcosts.
Appellant argues that the trial court's refusal to assess the costs of producing a transcript of the divorce hearing as court costs effectively denied her the right to a review of her objections to the magistrate's decision. She contends that, having previously entered a Poverty Affidavit claiming indigent status and being allowed to proceed with the divorce action without paying the normal filing fee, the trial court should have assessed the costs of producing the transcript as court costs.
 {¶ 7} Civ.R. 53(E)(3)(c) provides in pertinent part:
Any objection to a [Magistrate's] finding of fact shall besupported by a transcript of all the evidence submitted to themagistrate relevant to that fact or an affidavit of that evidenceif a transcript is not available.
Under Ohio law, the burden is on the party objecting to the magistrate decision to fulfill Civ.R. 53(E)(3)(c)'s requirement of providing a transcript of the court proceedings. In reO'Neal (Nov. 24, 2000), 11th Dist. No. 99-A-0022, unreported;Ohio Edison Co. v. Elbert Bros. Roofing, Inc. (Dec. 21, 1983), 9th Dist. No. 3530, unreported. Moreover, Ohio courts have repeatedly held that "a party cannot challenge on appeal the factual findings contained in a magistrate's report unless that party submits the required transcript or affidavit." Simms v.Simms (Mar. 27, 1998), 11th Dist. No. 97-P-0005, unreported (citing City of Willowick v. Gibladi (Feb. 21, 1997), 11th Dist. No. 96-L-079, unreported, Larson v. Larson (Mar. 7, 1997), 11th Dist. No. 96-P-0217, unreported).
 {¶ 8} Appellant admittedly failed to file a transcript with the trial court when she objected to the magistrate's decision. However, she argues that, being an indigent, the trial court's refusal to assess the costs of obtaining the transcript as court costs denies her due process rights to have a review of her objections.
 {¶ 9} Contrary to Appellant's arguments, "[c]ivil due process requires only notice and opportunity to be heard, not provision of transcripts in civil proceedings." Jones v. Jones (Dec. 13, 1996), 2nd Dist. No. 94-DR-00224, at *5 —
6. Ohio courts have limited an indigent's right to have transcript fees taxed as costs to criminal cases, termination of parenting rights, and defense of paternity cases. Id. (citations omitted). Therefore, Appellant does not have a due process right to have the transcript costs assessed as court costs.
 {¶ 10} Without having been provided a transcript, the trial court reviewed the magistrate's findings of fact and conclusions of law for plain error as required by Civ.R. 53. That rule provides that the trial court may adopt the magistrate's decision "unless it determines that there is an error of law or other defect on the face of the . . . decision." Civ.R. 53(E)(4)(a). The trial court stated in its judgment entry, "[T]he court has reviewed the Magistrate's Decision including the findings of fact and the conclusions of law and finds that on the face of the decision there are no errors, and that the conclusions of law and findings of fact are supported therein." Therefore, the trial court properly reviewed the magistrate's decision.
 {¶ 11} Based on the foregoing, we find that the trial court did not abuse its discretion in adopting the magistrate's findings. In addition, the trial court did not abuse its discretion in refusing to provide Appellant a transcript of the divorce hearing with the costs to be assessed as court costs, because Appellant did not have a due process right to have the transcript provided for her. Accordingly, Appellant's second assignment of error is overruled.
 {¶ 12} Appellant's remaining assignments of error assert:
The trial court erred as a matter of law and abused itsdiscretion in approving the magistrate's decision filed November12, 2003, and adopting same by judgment entry filed February 10,2004.
 The trial court abused its discretion in the division ofproperty by awarding property to Appellee which was clearlyseparate property, and such award is against the manifest weightof the evidence.
 The trial court abused its discretion to the prejudice of theappellant in ordering that appellee make the loan payments on theautomobile in Appellant's possession in lieu of a spousal supportaward, and such an order is against the manifest weight of theevidence.
 The trial court abused its discretion in ordering that eachparty receive the automobile in their possession but in aseparate order requiring appellant to return the vehicle toAppellee on November 1, 2006, when his obligation to make theloan payments ceases, should Appellant not desire to assumeresponsibility for the payments, and such an order is against themanifest weight of the evidence.
 The trial court abused its discretion in the division ofretirement/pension benefits by awarding each party exclusivepossession of their own benefits plans even though there was alarge value differential in the accounts, and such an award wasagainst the manifest weight of the evidence.
 The trial court erred in determining that it was not possibleto extrapolate Appellant's income on an annual basis.
In her first, third, fourth, fifth, sixth, and seventh assignments of error Appellant asserts that the trial court's judgment entry was against the manifest weight of the evidence, that the trial court abused its discretion in adopting the magistrate's findings of fact, or otherwise involved factual determinations.
 {¶ 13} It is well-established that if a party fails to file a transcript with the objections, the trial court is free to adopt the magistrate's findings without further consideration of the objections. Cuira v. Carletti, 7th Dist. No. 02-CA-212, 2003-Ohio-4460, ¶ 11; Mosesson v. Rach, 7th Dist. No. 99-CA-321, 2001-Ohio-3232; Purpura v. Purpura (1986),33 Ohio App.3d 237, 239; Conley v. Conley, 9th Dist. No. CA 21759, 2004-Ohio-1591, ¶ 7 (holding that the trial court was only able to review conclusions of law). Thereafter, that party is precluded from appealing the magistrate's factual determinations and "waives any claim that the trial court erred in adopting the magistrate's factual finding." Simms, supra at *5.
 {¶ 14} Accordingly, having failed to provide a transcript to support her objections to the magistrate's decision as required by Civ.R. 53(E)(3)(c), Appellant waived the right to challenge the factual findings made by the trial court. Appellant's remaining assignments of error attempt to challenge the trial court's conclusions of law, but "the resolution of [her] objections necessarily involve a factual analysis of the evidence presented at the hearing before the magistrate . . .," and therefore Civ.R. 53(E)(3)(c) requires a transcript or affidavit.Conley, supra at ¶ 9. Without having filed the transcript or affidavit, Appellant has waived these claims. Simms, supra at *5.
 {¶ 15} We conclude that the trial court did not abuse its discretion in adopting the magistrate's decision and recommendations. Appellant's remaining assignments of error are overruled. Based on the foregoing, the judgment of the trial court is affirmed.
Judgment Affirmed.
 BRYANT and ROGERS, J.J., concur.