OPINION *Page 2 
{¶ 1} Defendant-Appellant, Shane Ledesma, appeals the judgment of the Seneca County Court of Common Pleas, Juvenile Division, which overruled his objections to a magistrate's decision for failing to file a transcript. On appeal, Ledesma argues that the trial court abused its discretion and went against the manifest weight of the evidence in calculating his income for child support purposes. Finding that the trial court did not err in overruling Ledesma's objections for his failure to file a transcript, we affirm the judgment of the trial court.
 {¶ 2} In December 2004, the Seneca County Child Support Enforcement Agency (hereinafter referred to as "CSEA") filed a UIFSA Petition for Establishment of Paternity, Child Support, and Medical Order. Within these pleadings, the State of Colorado requested that CSEA establish a support order payable by Ledesma to Olga Caballero Nevarez, mother of minor child, Karely Caballero Nevarez.
 {¶ 3} In July 2005, the Magistrate of the Seneca County Court of Common Pleas, Juvenile Division, held a hearing, which Ledesma did not attend. At the hearing, the Magistrate noted that CSEA requested paternity testing and ordered the same. *Page 3 
 {¶ 4} In June 2006, results from the genetic testing showed that Ledesma could not be excluded as the father of Karely, with a 99.99 percent probability of paternity.
 {¶ 5} In August 2006, a hearing was held and Ledesma failed to appear. After the hearing, the Magistrate determined that Ledesma did not provide any financial information to the Court; that the Petition from the State of Colorado included a verification of earnings that showed Ledesma was earning $15.38 an hour or approximately $31,990.40 annually, as a full time employee of Rudolph Foods Company, Inc., in 2003; and, that there was no evidence as to what Ledesma's current employment status was. Additionally, the Magistrate named Olga residential parent and legal custodian of Karely, found Ledesma to be the father of Karely, and ordered Ledesma to pay child support and other costs.
 {¶ 6} In September 2006, Ledesma filed objections to the Magistrate's decision. Later, the trial court entered a judgment entry ordering Ledesma to file a transcript of the August 2006 hearing or file a brief stating his argument in favor of his objection.
 {¶ 7} In December 2006, the trial court found that Ledesma failed to timely file a transcript and failed to file facts and stipulations in support of his objections. Accordingly, the trial court overruled Ledesma's objections and adopted the Magistrate's Decision as an order of the trial court. *Page 4 
 {¶ 8} It is from this judgment Ledesma appeals, presenting the following assignment of error for our review.
 The trial court abused its discretion and went against the manifest weight of the evidence when calculating the Defendant's income for child support purposes.
 {¶ 9} In his assignment of error, Ledesma argues that the trial court erred in determining his child support obligation, because there was no evidence presented by him to support the magistrate's findings and conclusions.
 {¶ 10} At the outset, we note that a trial court's decision to adopt, reject or modify a magistrate's report and recommendation will be reversed on appeal only for an abuse of discretion." See Wade v.Wade (1996), 113 Ohio App.3d 414, 419. The term "abuse of discretion" connotes that the court's decision is unreasonable, arbitrary, or unconscionable; an abuse of discretion constitutes more than an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} Civ.R. 53(D)(3)(b)(iii) places the burden upon the party objecting to the magistrate's decision to provide the trial court with "a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." "Moreover, Ohio courts have repeatedly held that `a party cannot challenge on appeal the factual findings contained in a magistrate's report unless that party submits the required transcript or affidavit.'" *Page 5 Snider v. Snider, 3d Dist. No. 10-04-06, 2004-Ohio-5764, ¶ 7, quotingSimms v. Simms (Mar. 27, 1998), 11th Dist. No. 97-P-0005.
 {¶ 12} Further, it is well-established that if a party fails to file a transcript with the objections, the trial court is free to adopt the magistrate's findings without further consideration of the objections.Ciura v. Carletti, 7th Dist. No. 02-CA-212, 2003-Ohio-4460, ¶ 11;Mosesson v. Rack, 7th Dist. No. 99CA321, 2001-Ohio-3232; Purpura v.Purpura (1986), 33 Ohio App.3d 237, 239; Conley v. Conley, 9th Dist. No. CA 21759, 2004-Ohio-1591, ¶ 7 (holding that the trial court was only able to review conclusions of law). Thereafter, that party is precluded from appealing the magistrate's factual determinations and "waives any claim that the trial court erred in adopting the magistrate's factual finding." Simms, supra.
 {¶ 13} Ledesma has provided this Court with the transcript, but we find that it is not properly before us. Having failed to provide a transcript to the trial court to support his objections to the magistrate's decision as required by Civ.R. 53(D)(3)(b)(iii), Ledesma waived the right to challenge the factual findings made by the trial court. Ledesma's assignment of error attempts to challenge the trial court's conclusions of law, but "the resolution of [his] objections necessarily involve a factual analysis of the evidence presented at the hearing before the magistrate * * *," and therefore Civ.R. 53(D)(3)(b)(iii) requires a transcript or *Page 6 
affidavit. Conley, supra, at ¶ 9. Without having filed the transcript or affidavit, Ledesma has waived his claims. Simms, supra.
 {¶ 14} Accordingly, we conclude that the trial court did not abuse its discretion in adopting the magistrate's decision and recommendations and overrule Ledesma's assignment of error.
 {¶ 15} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur. *Page 1