JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, the law firm Corsaro Assoc., appeals from the order of the probate court that denied its application for attorney's fees and expenses filed in the Estate of Marilyn Cole. For the reasons set forth below, we affirm.
 {¶ 2} Marilyn Cole died testate on September 18, 2001. Cole's will named as executor Helmut Kaesgen and Kaesgen in turn hired Appellant to administer the estate.
 {¶ 3} On April 23, 2002, the trial court issued a journal entry in which it noted that Kaesgen had not filed the inventory required by law, and it scheduled a citation hearing to remove him as fiduciary of the estate. The inventory was subsequently filed and the court cancelled the citation hearing. On December 24, 2002, the trial court issued a journal entry in which it noted that the executor had not filed the account required by law, and it scheduled a second hearing to remove Kaesgen as fiduciary of the estate. A partial account was filed and the court cancelled the hearing. When the 2003 annual account was not filed, the trial court again scheduled a hearing to remove Kaesgen as executor. The matter was heard on April 20, 2004. Kaesgen was subsequently removed as executor and Kathryn Joseph was appointed as successor administratrix of the estate.
 {¶ 4} The successor administratrix subsequently learned that Kaesgen had paid attorney's fees to Appellant without obtaining approval from the beneficiaries or the trial court. On June 7, 2006, Appellant filed an application for approval of *Page 4 
attorney's fees totaling $26,132.14 which included $18,502.14 while Kaesgen served as executor and $7,630 while Joseph served as successor administratrix. Joseph filed objections to the application in which she noted, inter alia, that Appellant had been paid $61,219.10, that the estate was still not concluded, and that Appellant had not adequately obtained the beneficiaries' consent to the fees and expenses.
 {¶ 5} The matter proceeded to a hearing before a magistrate on July 12, 2006. No transcript of that hearing has been provided but the Magistrate's Decision indicates that, although Appellant had already received $61,219.10, there was no application for these fees as required by Loc.R. 71.1. Of the $61,219.10 received by Appellant, $36,636 was approved by the beneficiaries, but eleven of the beneficiaries objected to an additional payment of $26,132.14. The beneficiaries maintained that the fees were excessive and that the estate had not been handled properly. Kaesgen testified that he signed all necessary tax forms in 2004 but the documents were not filed until 2005. Thereafter, the successor administratrix noted that there were three past due tax returns and had these documents prepared and filed. The attorney who had been primarily responsible for handling the estate did not appear, but two other attorneys appeared on behalf of the firm and asserted that the estate was somewhat complex, had multiple beneficiaries, and that there was difficulty selling real estate.
 {¶ 6} The magistrate determined that the application should be denied since the original $36,636 that had already been paid appeared to be reasonable *Page 5 
compensation for the complete administration of the estate, and that the successor administratrix had incurred an additional $5,000 in attorney's fees in endeavoring to close the estate.
 {¶ 7} Appellant law firm now appeals, and assigns the following interrelated errors for our review:
 {¶ 8} "The probate court erred in failing to make an independent analysis of the facts and of the applicable law when adopting the magistrate's decision and in denying the application for attorney's fees and expenses."
 {¶ 9} "The probate court abused its discretion and erred in denying legitimate legal fees by failing to recognize the actions taken which were beneficial to the estate."
 {¶ 10} "The probate court abused its discretion and further erred in ordering attorney's fees previously paid be returned to the estate as there was insufficient evidence to support the decision."
 {¶ 11} With regard to procedure, we note that Civ.R. 53(D)(3)(b)(iii), regarding objections to a magistrate's report, states:
 {¶ 12} "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The *Page 6 
objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections."
 {¶ 13} Ohio courts have repeatedly held that a party cannot challenge on appeal the factual findings contained in a magistrate's report unless that party submits the required transcript or affidavit. See Snider v.Snider, Mercer App. No. 10-04-06, 2004-Ohio-5764.
 {¶ 14} The party may challenge the trial court's conclusions of law,Colorado v. Ledesma, Seneca App. No. 13-07-02, 2007-Ohio-3975, but where "the resolution of the objections necessarily involves a factual analysis of the evidence, a transcript is required." See Conley v.Conley, Summit App. No. CA 21759, 2004-Ohio-1591.
 {¶ 15} Where no transcript or affidavit of the evidence has been presented to the trial court, the reviewing court will evaluate the lower court's factual determinations for an abuse of discretion. SeeProctor v. Proctor (1988), 48 Ohio App.3d 55, 60, 548 N.E.2d 287. Where a transcript of the evidence is necessary for the appellate court to review an assigned error, the reviewing court has nothing to pass on and has no choice but to presume the validity of the trial court's proceedings. See Magar v. Konyves, Cuyahoga App. No. 85832,2005-Ohio-5723, citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 400 N.E.2d 384. *Page 7 
 {¶ 16} With regard to the substantive law, we note that a probate court is vested with discretion to determine whether or not such attorney's fees are necessary or beneficial to the ward's interests.In re Connell (Aug. 24, 1995), Cuyahoga App. No. 68261, citing In reEscola (1987), 41 Ohio App.3d 42, 534 N.E.2d 866.
 {¶ 17} R.C. 2109.32 requires the court to determine matters relative to the fiduciary account and determine whether the fiduciary has distributed the assets of the estate or trust in accordance with the law. R C. 2109.30 requires the fiduciary to include an itemized statement of all receipts of the administrator or executor during the accounting period and of all disbursements and distributions made by the executor or administrator during the accounting. Attorney's fees may be drawn from the estate only after the probate court approves the fees.In re Wonderly (1984), 10 Ohio St.3d 40, 461 N.E.2d 879. Such fees must directly benefit the estate in order to be chargeable to the estate. Id.
 {¶ 18} Similarly, Loc.R. 71.1 of the Court of Common Pleas, Probate Division provides that attorney's fees must be based upon the actual services performed and the reasonable value of the services. Loc.R. 71.4 requires the filing of an application for payment of attorney's fees.
 {¶ 19} In this matter, the magistrate noted that Kaesgen was removed for failure to file an account, and a successor administratrix was then appointed. A total of $61,219.10 had already been paid to the Appellant law firm, but approval had only *Page 8 
been obtained for $36,636, and not the remaining amount. The magistrate noted that the attorney who had been primarily responsible for handling the estate did not appear, and that in light of the evidence presented, the amount already received was a reasonable total fee to the firm in light of the problems noted, and the additional fees incurred by the successor administratrix. Appellants filed objections to the report of the magistrate but did not provide the trial court with a transcript or other relevant material to support their objections. The trial court subsequently noted that, after reviewing the entire file and holding a hearing on the objections, it adopted the magistrate's findings and conclusions. We find no abuse of discretion. The fees are quite considerable even though the estate remained pending, and the attorney who was primarily responsible for handling the estate did not appear for hearing. Accordingly, we are unable to conclude that the trial court abused its discretion. In the absence of a transcript we are compelled to presume regularity and reject the challenge raised herein.
 {¶ 20} The assignments of error are without merit.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 FRANK D. CELEBREZZE, JR., A.J., and PATRICIA ANN BLACKMON, J., CONCUR *Page 1