JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Plaintiff Marius Dinu appeals from the order of the domestic relations court which modified his child support obligation. For the reasons set forth below, we affirm.
 {¶ 3} The parties were married on April 21, 1996 and had one child, born December 27, 1997. On February 18, 1999, the parties were granted a divorce and plaintiff was ordered to pay $357 per month child support.
 {¶ 4} On June 13, 2005, the Child Support Enforcement Agency ("CSEA") recommended that plaintiff's child support obligation be modified to the sum of $1,100.58 per month. In response, plaintiff requested a court hearing. The parties were subsequently ordered to appear and present documentation concerning their respective earnings. Service was perfected on both parties.
 {¶ 5} The matter proceeded to hearing before a Magistrate on September 20, 2006. The Magistrate noted that service of the motion and other related motions were properly made but that plaintiff failed to appear. The Magistrate determined that plaintiff failed to prosecute his motion for a court hearing on the modification and further noted that there was no evidence that CSEA's recommendation was erroneous. The Magistrate then concluded that CSEA's recommendation should be *Page 3 
adopted. The Magistrate also noted that plaintiff had incurred a significant support arrearage.
 {¶ 6} Plaintiff's counsel filed objections to the Magistrate's decision in which he asserted that various financial documents demonstrate that the support order was erroneous. Plaintiff's failure to appear was not explained, however, and no transcript of the proceeding accompanied the objections. On December 1, 2006, the trial court overruled plaintiff's objections and approved the Magistrate's decision. Plaintiff now appeals and asserts that the modification was erroneous.
 {¶ 7} With regard to procedure, we note that Civ.R. 53(D)(3)(b)(iii), regarding objections to a magistrate's report, states:
 {¶ 8} "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections." *Page 4 
 {¶ 9} Ohio courts have repeatedly held that a party cannot challenge on appeal the factual findings contained in a magistrate's report unless that party submits the required transcript or affidavit. See Snider v.Snider, Mercer App. No. 10-04-06, 2004-Ohio-5764. Conclusions of law may be challenged, Colorado v. Ledesma, Seneca App. No. 13-07-02,2007-Ohio-3975, but where "the resolution of the objections necessarily involves a factual analysis of the evidence, a transcript is required." See Conley v. Conley, Summit App. No. CA 21759, 2004-Ohio-1591.
 {¶ 10} We further note that where a transcript or affidavit of the evidence has not been presented to the trial court, the reviewing court will evaluate the lower court's factual determinations for an abuse of discretion. See Proctor v. Proctor (1988), 48 Ohio App.3d 55, 60,548 N.E.2d 287. However, if a transcript of the evidence is necessary for the appellate court to review an assigned error, the reviewing court has nothing to pass on and has no choice but to presume the validity of the trial court's proceedings. See Magar v. Konyves, Cuyahoga App. No. 85832, 2005-Ohio-5723, citing Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384.
 {¶ 11} The foregoing rules are also applicable where the obligor has been properly served with notice of the hearing but fails to appear for the hearing. Colo. v. Ledesma, supra; State ex rel. Furniss v.Furniss (Nov. 17, 1989), Trumbull App. No. 88-T-4100. See, also,Spain v. Hubbard, Belmont App. No. 02 BA 15, 2003-Ohio-2555 *Page 5 
("It is well-established that the plaintiff may proceed to trial even if the defendant fails to appear.").
 {¶ 12} In this matter, we note that plaintiff failed to provide a transcript of the evidence in connection with his objections to the Magistrate's decision. He therefore cannot challenge on appeal the factual findings contained therein. As to the legal conclusions, we note that numerous tax documents were provided but these reflect that plaintiff owns his own business, the business had receipts in excess of $240,000, and there are a variety of deductions. This evidence does not, standing alone, demonstrate that the Magistrate's decision is erroneous. A factual analysis of the evidence is required and a transcript therefore should have been produced. In the absence of a transcript, we must presume regularity. The assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 6 
 JAMES J. SWEENEY, A.J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1