[Cite as *Showalter-Oliver v. Oliver*, 2016-Ohio-447.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
VAN WERT COUNTY

JOY SHOWALTER-OLIVER,                          CASE NO. 15-15-09

    PLAINTIFF-APPELLANT,

  v.

                                               O P I N I O N

BRUCE R. OLIVER,

    DEFENDANT-APPELLEE.

Appeal from Van Wert County Common Pleas Court
Domestic Relations Division
Trial Court No. DR-13-09-097

Judgment Affirmed

Date of Decision:  February 8, 2016

APPEARANCES:

    *John E. Hatcher* for Appellant

    *Kelly J. Rauch* for Appellee

**WILLAMOWSKI, J.**

{**¶1**} Plaintiff-appellant Joy Showalter-Oliver ("Joy") brings this appeal from the judgment of the Court of Common Pleas of Van Wert County, Domestic Relations Division denying her motion for contempt. On appeal, Joy claims that the trial court abused its discretion in overruling her two motions to show cause. For the reasons set forth below, the judgment is affirmed.

{**¶2**} Joy and defendant-appellee Bruce Oliver ("Bruce") were married on August 13, 1990. Doc. 3. Joy filed for divorce on September 18, 2013. *Id*. On October 9, 2013, Bruce filed his answer and counterclaim for divorce. Doc. 13. A hearing was held on the complaint and counterclaim, and a divorce was granted to the parties. Doc. 23. In the divorce decree, Joy was granted the marital home and Bruce was ordered to vacate the home within 60 days of the decree. *Id*. Bruce was also ordered to maintain the premises and "not cause any undue damage" until it was vacated. *Id*. Bruce was ordered to return to Joy any jewelry belonging to Joy located at the marital home in Van Wert. *Id*. The decree also ordered that both parties were entitled to their personal property from the property in Virginia and indicated that both parties were responsible for retrieving said property. *Id.*

{**¶3**} On July 8, 2014, Joy filed a motion for contempt alleging that Bruce had failed to 1) turn over a settlement check for the 2006 Chevy Silverado, 2) pay fees for the storage unit, and 3) turn over Joy's anniversary ring. Doc. 34. Bruce filed a motion for contempt on July 15, 2014, alleging that Joy had failed to turn

over various items of personal property belonging to him. Doc. 38. On August 13, 2014, Joy filed a second motion for contempt alleging that when she took possession of the marital home, Bruce had not removed all of his property and had left behind 14 dogs and 24 birds. Doc. 50. Joy also claimed that Bruce had destroyed the house by allowing the animals free run of the premises and made the house uninhabitable. *Id.* A hearing was held on all of the motions on January 12, 2015. Doc. 71. The magistrate entered his decision, adopting the proposed findings of fact and conclusions of law submitted by Bruce, on March 20, 2015. Doc. 72. The magistrate determined that neither party was guilty of contempt of a court order. *Id.* On April 3, 2015, Joy filed her objections to the magistrate's decision along with a motion to extend the time to file supplemental objections. Doc. 74. The motion for additional time was granted and she was given fourteen days after the filing of the transcript to submit additional objections. Doc. 75.

{¶4} On April 14, 2015, the court reporter filed a notice that Joy had failed to file a deposit as required by Van Wert County Rules of Court, Local Rule 27. Doc. 76. The trial court then dismissed the objections for failure to comply with the local rules. Doc. 77. On May 27, 2015, Joy filed a motion for reconsideration and a motion for leave to file a deposit for the transcript. Doc. 78. The trial court denied the motion for reconsideration on the grounds that Joy had still not tendered the fee for preparation of the transcript even though more than two months had passed since the filing of the magistrate's decision. Doc. 79.

{¶5} On August 4, 2015, the trial court entered judgment denying all of the motions for contempt. Doc. 80. The trial court determined that many of the issues raised in the motions were either moot, as the parties had returned the property, or were not a violation of the court order. *Id.* Specifically, the trial court held that many of the disputed items were last seen in the home in Virginia, which was not secured and that each party was responsible for the retrieval of their own items. *Id.* As to the damage to the home, the trial court determined that there was no evidence that the damage had occurred since the court order and also determined that Joy was partially responsible for it by being "instrumental in sheltering the large number of animals and essentially abandon[ing] them in April of 2013." *Id.* at 4-5. Joy filed her notice of appeal from this judgment. Doc. 85. On appeal, Joy raises the following assignment of error.

> **The trial court abused its discretion in overruling [Joy's] motion to show cause.**

{¶6} In her sole assignment of error, Joy claims that the trial court abused its discretion in denying her motion for contempt. This court notes that the first time the transcript was filed was on appeal. It was never filed in the trial court. Local Rule 27 of the Court of Common Pleas of Van Wert County provides that the transcript will not be prepared until a deposit is filed to cover the estimated cost of the transcript. Joy did not deposit the costs as required by the local rule, so no transcript was prepared prior to the trial court's ruling. Any objections to

factual findings by a magistrate must be supported with a transcript. Civ.R. 53(D)(3)(b)(iii). If no transcript is filed, the trial court may adopt the magistrate's findings of fact without further consideration. *Colorado v. Ledesma*, 3d Dist. Seneca No. 13-07-02, 2007-Ohio-3975, ¶ 12. "Ohio courts have repeatedly held that 'a party cannot challenge on appeal the factual finding contained in a magistrate's report unless that party submits the required transcript or affidavit.'" *Snider v Snider*, 3d Dist. Mercer No. 10-04-06, 2004-Ohio-5764, ¶ 7. The failure to file the transcript with the trial court waives any claim that the trial court erred in adopting the magistrate's findings of fact. *Colorado, supra* at ¶ 12.

{¶7} Here, Joy's sole argument is that the trial court erred in its findings of facts. According to Joy, this resulted in erroneous conclusions of law, which is an abuse of discretion. However, since no transcript was filed with the trial court, the trial judge was free to accept the findings of fact made by the magistrate. Joy failed to file the transcript with the trial court, thus any issues regarding those factual findings are not properly before this court and she has waived any appeal regarding the trial court's adoption of the magistrate's factual findings. *Id*. at ¶ 13. The conclusions of law are supported by the factual findings of the trial court. Thus, the trial court did not abuse its discretion in denying Joy's motions for contempt and the assignment of error is overruled.

{¶8} Having found no error in the particulars assigned and argued by appellant, the judgment of the Court of Common Pleas of Van Wert County, Domestic Relations Division is affirmed.

*Judgment Affirmed*

**PRESTON and ROGERS J.J., concur.**

**/hlo**